Argued May 4, decided June 9, rehearing denied August 11, 1908.

## RUMBLE *v.* CUMMINGS.

[95 Pac. 1111.]

Appeal and Error—Presentation of Questions—Pleading—Reply.

1. Where a reply was not challenged in any manner in the trial court, any defect therein is waived.

Principal and Agent—Proof of Agency—Matters to be Shown.

2. Where a party relies upon a contract, made with a person claiming to be an agent of another party, he must prove, where the agency is disputed, that the person claimed to be an agent was expressly empowered by the person for whom he acted to make the agreement for him, and that the terms of the contract made were within the scope of the authority conferred, or that the principal knowingly permitted the agent to assume that he had power to make such contracts, or held the agent out to the public as possessing such power, or that the principal, with full knowledge of the agent's arrogation of power in making the contract, ratified the agreement.

Same—Authority of Agent—Evidence of.

3. A person, employed by a lumber forwarding company as overseer or field overseer, whose duty was to protect the interests of the company, to protect their timber from being destroyed, to see that the company's men were paid, and that there would be no labor liens on the property, had no authority, as agent of the forwarding company, to enter into a contract for the construction of a dam, with a party furnishing the forwarding company with timber under contract.

Evidence—Opinions—Agency.

4. In an action against a principal for breach of a contract made by an alleged agent, in which plaintiff failed to prove the agent's power to make

the contract, by showing either express authority, holding out to the public, or ratification by acceptance of benefits, testimony by plaintiff, relating to the agent's authority to make the contract, *held* properly excluded; the question whether the agent was duly authorized being for the court.

SAME—RATIFICATION OF UNAUTHORIZED CONTRACT—EVIDENCE—SUF-
FICIENCY.

5. Where an agent had no authority to enter into an agreement for the erection of a dam, a declaration by the principal that he did not intend to put any more money into the dam was not sufficient to show a ratification of the agreement of the agent, where the principal asserted that he was furnishing goods and loaning money, to the person with whom the agent contracted to conduct his business.

SAME—DETERMINATION OF AGENT'S AUTHORITY—QUESTION FOR COURT.

6. The determination of whether or not an agent is duly authorized to manage some affair for his principal is a matter devolving upon the court.

APPEAL AND ERROR — OBJECTIONS FOR REVIEW — EXAMINATION OF
WITNESSES.

7. Where an objection in the trial court, to allowing a witness to refresh his memory by looking at a book containing a statement of certain dealings, was made on the sole ground that the record of the transaction afforded the best evidence, the action of the trial court overruling the objection would not be reviewed on appeal, on the ground that error was committed in permitting the witness to refresh his memory without first establishing the preliminary facts essential.

SAME—RECORD—ESSENTIALS OF—SUPERFLUITY.

8. Where a bill of exceptions is unreasonably voluminous by reason of the incorporation therein of immaterial testimony, the Supreme Court, in reviewing an exception to a ruling, will not search the entire transcript to determine whether or not error was committed in the ruling, but will presume that the trial court's ruling was correct.

INSTRUCTION—AGENCY.

9. The court having struck out defendant's testimony relating to a contract with an alleged agent, an instruction to the effect that they should not consider any evidence as to the expenses incurred by defendant in taking down, moving, or rebuilding the sawmill or in erecting the dam, was not erroneous.

From Union: THOMAS H. CRAWFORD, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by E. W. Rumble and F. D. McCully, partners doing business as the Elgin Forwarding Company, against F. M. Cummings, to recover $998.77, the value of certain goods, wares, and merchandise, alleged to have been sold and delivered to the defendant at his request, and for money advanced to him. The answer denies the material allegations of the complaint, and as counterclaims sets up five separate defenses, in substance as follows: (1) That about June 20, 1906, the parties

made an agreement, whereby the plaintiffs stipulated to purchase for the defendant a sawmill, and to put it in suitable condition for operation, and also to furnish him with such goods, and to advance to him such sums of money as might be necessary to enable him to pay the laborers whom he might employ in manufacturing lumber and in making railroad ties from certain timber, for which he was to receive $6 per 1,000 feet for the lumber, and 20 cents apiece for all the ties that might be accepted by an agent of a railway company; that the agreed value of such material, when delivered, was to be credited on account of the money and goods so advanced and furnished; that pursuant to the agreement the plaintiffs purchased the mill for the defendant, and he moved it to and set it up on certain land, thereby incurring an expense of $1,670.64, but on October 3, 1906, they unlawfully took possession of the mill, and refused to furnish him with any more goods, or to advance any more money, whereby the agreement was rescinded, to his damage, in the sum of money last mentioned; (2) that if they had permitted him to manufacture the lumber and to make the ties, he would have made a net profit of $7,000, of which sum he was deprived by their conduct; (3) that, relying upon the validity of the agreement, the defendant made 2,204 ties of the reasonable value of $440.80, the possession of which the plaintiffs took, thereby waiving the inspection mentioned; (4) that he received from them goods of the value of $347.16, and no more, which are the commodities mentioned in the complaint, and which goods were returned to the plaintiffs, who agreed to give the defendant credit therefor on the settlement of their accounts, and that by reason of such stipulation, they ought not to be permitted to recover in this action; (5) that at their request he also made for them 3,020 other ties, of the value of $483.20, no part of which sum has been paid. The reply denies the material allegations of new matter in the

answer, and also avers facts applicable to the several causes of defense, upon which issues the cause was tried; and, judgment having been rendered against the defendant, he appeals. ·                                    AFFIRMED.

For appellant there was a brief over the names of *John W. Knowles* and *R. H. Lloyd,* with an oral argument by *Mr. Knowles.*

For respondent there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that, as the averments of new matter in the answer are not controverted by the reply, an error was committed in rendering judgment for the plaintiffs. The reply denies the "material" allegations of the answer, except such facts stated therein as are admitted by the plaintiff's pleadings. The adequacy of the reply was not challenged in any manner at the trial, and, such being the case, any defect in that pleading was thereby waived. *Ready* v. *Schmith,* 52 Or. 196 (95 Pac. 817).

2. It is insisted that an error was committed in striking out, over objection and exception, that part of the defendant's testimony which tended to show that one Leander Martin was plaintiffs' agent. To render the action of the court in this particular comprehensive, it will be necessary to call attention to some of the salient features of the case, as they were developed at the trial. A contract, made by the parties, June 11, 1906, was received in evidence, a copy of which has been sent up, showing that the defendant stipulated to convert all the available timber on certain lands in Union county into railroad ties, which he was to deliver to the plaintiffs at such places as they might designate, in quantities as desired, but not less than 12,000 a month. The ties were to be of uniform length and of four classes, differing in width and thickness, all of which were to be

subject to inspection by an agent of the Oregon Railway & Navigation Company, whose decision was final. The ties which did not correspond with the specifications were to be considered as "culls," and, without receiving any consideration therefor, the defendant was to leave them on the premises as the property of the plaintiffs, who were to pay him for all ties accepted, prices varying from 13 to 20 cents.

3. The defendant, referring to this contract, testified that, about four days after it was signed, it was abandoned by him and the plaintiffs' agent, Martin, with whom he made another agreement, the terms of which are stated in the first separate defense; that pursuant thereto, Martin purchased for the witness a sawmill, and stipulated to furnish whatever goods and money were necessary to enable him to manufacture the lumber and ties, and instructed him how to draw orders with which to pay the laborers whom he might employ, which vouchers Martin was to indorse, whereupon the plaintiffs were to pay the sums of money stated therein; that the witness, to secure the purchase price of the mill, executed to the plaintiffs a mortgage; that, Martin having selected on the banks of a stream the site for the mill, the witness built thereat a dam, a part of which was carried out by a freshet; that the plaintiff Rumble, referring to the loss thus sustained, said to the witness:

"I have come to the conclusion that the dam is an expensive luxury, and we don't propose to put any more money into the dam";

That a voucher, drawn according to the prescribed form, but not indorsed by Martin, who was absent at the time, was not immediately paid by the plaintiffs; and that the mill was never operated after it was moved. The contract, executed June 11, 1906, contains no provision for the manufacturing of lumber, but stipulates, however, that the ties, which constituted the subject-matter of the agreement, should be "smoothly hewn or

sawed on two sides to parallel faces," from which language it may reasonably be inferred that the defendant then contemplated using a sawmill, as a means of complying with the terms of the contract. Martin, as plaintiffs' witness, alluding to his employment by them, testified as follows:

"My business, generally speaking, was to protect the interests of the Elgin Forwarding Company, to protect their timber from being destroyed, to see that the men got their pay, so that there would be no labor liens on the property, and, in general, overseer or field overseer."

4. It is argued that the testimony thus stated shows that Martin was authorized to enter into a contract with the defendant, and, having done so, the agreement was ratified by the plaintiffs, and hence an error was committed as alleged. When a third party relies upon a contract which he effected with a person who claims to be an agent, he must, when the agency is disputed, prove either, first, that the individual, who thus undertook to transact with him some business for another, was expressly empowered by the latter to make agreements for him, and that the terms of the contract, which are sought to be established, are within the scope of the authority conferred; or, second, that the principal knowingly permitted the agent to assume that he had liberty to make agreements, or that he held the agent out to the public, in other instances, as possessing requisite power to embrace the execution of the contract involved, in making which the third party had reason to believe and did believe that the agent had the necessary authority; or, third, that the principal, with full knowledge of the agent's arrogation of power in making a contract on his behalf, accepted the fruits thereof, or with like knowledge, otherwise ratified the unauthorized agreement. *Hahn* v. *Guardian Assurance Co.,* 23 Or. 576 (32 Pac. 683: 37 Am. St. Rep. 709) ; *Jameson* v. *Coldwell,* 25 Or. 199 (35 Pac. 245) ; *Connell* v. *McLaughlin,* 28 Or. 230 (42 Pac. 218.)

5. Rumble's declaration to the effect that the plaintiffs did not intend to put any more money in the dam is not, in our opinion, sufficient to evidence a ratification of Martin's alleged agreement, for such assertion is compatible with the plaintiffs' theory of the case, as outlined in the reply, and manifested by evidence, introduced by them, that they were furnishing goods and loaning money to the defendant, who was conducting business for himself, and that, when a part of the dam went out, thus proving its inefficiency, the creditor, whose money was being used to further the defendant's enterprise, had the undoubted right to declare that no more of the plaintiffs' means should be loaned for the purpose for which a part thereof had been employed.

6. The defendant did not establish the alleged agency by either of the modes indicated; and as the question as to whether or not an agent is duly authorized to manage some affair for his principal is a matter devolving upon the court (*Glenn* v. *Savage*, 14 Or. 567: 13 Pac. 442), no error was committed in striking out that part of the defendant's testimony relating to Martin's authority to abrogate the original contract of the parties, or to substitute a new agreement in lieu thereof.

7. Rumble, having identified a book of the firm, containing a statement of the defendant's dealings with the plaintiffs, was asked:

"You may refresh your memory, and say how much of this account you have sued on, how much it aggregates exactly."

An objection was interposed to the question, on the ground that the record of the transaction afforded the best evidence upon the subject, but the objection was overruled, and an exception allowed, whereupon the witness replied:

"Nine hundred, ninety-eight dollars and seventy-seven cents."

It is argued that an error was committed in permitting the witness to refresh his memory, without having first established the preliminary facts prescribed by the statute for the government of such cases. If the legal principle now invoked had been insisted upon at the trial, it would have necessitated the production of testimony to the effect that the book referred to was written by the witness, or under his direction, at a time when the incidents thus narrated occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. Section 848, B. & C. Comp. It will be observed that the objection now urged is not the same question that was presented to the trial court; and hence the consideration of the matter by that court will not be reviewed, since a different theory is adopted on appeal from that pursued at the trial. Rumble, having testified in his own behalf in the manner last above indicated, was asked by the defendant's counsel:

"Now, there is some of the goods that Mr. Cummings turned back to you, that you are suing for?"

An objection to this question, on the ground that it was not cross-examination, having been sustained, an exception was allowed; and it is claimed that an error was thus committed. There has been sent up to this court what purports to be a bill of exceptions, attached to which is a transcript of all the testimony given at the trial, consisting of 100 typewritten pages, which we have carefully examined in reviewing the question of Martin's agency.

8. An exception is an objection taken at the trial to a decision upon a question of law. Section 169, B. & C. Comp. No particular form of exception is required, but the objection must be stated with so much of the evidence or other matter as is necessary to explain it, and no more. Section 171. In preparing a bill of exceptions counsel for the appellant must be allowed considerable discretion in

determining the quantum of evidence necessary to explain the exceptions reserved; if objections are interposed to the bill as formulated, such changes may be made therein by the judge who tried the cause as he considers requisite. When a motion for a judgment of nonsuit has been granted or denied, or when a request to instruct the jury in a particular manner has been given or rejected, a review of such action usually demands a re-examination of all the testimony given or offered at the trial, and generally necessitates the incorporation in the bill of exceptions of the entire evidence tendered or received, so that the appellate court may have the same means of determining the questions involved that the trial court possessed. In all other cases of appeal, except in the instances suggested, it is not to be supposed that the entire testimony is necessary to explain the exceptions reserved by the appellant. If the question of the need of incorporating in the bill of exceptions the entire testimony is debatable, so that disinterested persons who are learned in the law might reach different conclusions upon the subject, no objection to the magnitude of the bill ought seriously to be considered. When, however, no controversy could arise in respect to the matter, and all unbiased lawyers must say that a bill of exceptions is unreasonably voluminous, by reason of the incorporation therein of immaterial testimony, the Supreme Court ought not to be required to search the entire transcript to determine whether or not an error had been committed as alleged. *Eaton* v. *Oregon R. & N. Co.*, 22 Or. 497 (30 Pac. 311); *Hedin* v. *City Ry. Co.*, 26 Or. 155 (37 Pac. 540). We must therefore presume that the question propounded to Rumble did not, as the trial court decided, come within the designation of cross-examination.

Other objections to the admission or rejection of testimony are included in the principle last announced, and for the reason there assigned the exceptions will not be considered, because the bill does not comply with the statutory requirement in the respect mentioned.

9. The court, having struck out that part of the defendant's testimony relating to Martin's agency, instructed the jury to the effect that they should not consider any evidence as to the expenses incurred by the defendant in taking down, moving, or rebuilding the sawmill, or in erecting the dam; and it is urged that an error was thus committed. The right to recover these outlays is based on the agreement to purchase the mill, which contract the defendant asserts he effected with Martin, but as the authority of the latter to act for the plaintiffs was not established, as hereinbefore determined, no error was committed in this respect.

Notwithstanding the condition of the bill of exceptions, the entire testimony has been examined to determine Martin's agency, because of the instruction relating thereto, but the practice in this particular cannot be commended, and ought not to be observed in the future.

It follows, from these considerations, that the judgment should be affirmed; and it is so ordered.     AFFIRMED.