Argued December 13, affirmed December 28, 1915.

# RIDDLE STATE BANK *v.* LINK.

(153 Pac. 1192.)

**Evidence—Parol Evidence Admitted to Explain Transaction not to Contradict Writing.**

1. Parol evidence is properly admitted where it tends to establish that a certain contract executed by one L. was in fact the contract of two other defendants, R. and D., the object of such parol evidence being to explain the whole transaction, rather than to contradict the contract.

**Evidence—Documentary Evidence—Intention Explained by Parol.**

2. Where a written contract has been introduced in evidence, and it appearing that same was executed by R. and L. as an agreement for and on behalf of R. as one party and L. W. and H. as the other, it was not error to show by parol that the contract was in fact not only the act of L., but that of W. and H. as well.

[As to parol evidence to explain meaning of words as used in written contract, see note in 122 Am. St. Rep. 546.]

**Contracts—Right to Enforce Although in Form a Conditional Sale.**

3. Where purchasers had assumed payment of the note sued on, as a part of the purchase price of a sawmill and standing timber, bought from the payer of the note under an agreement of conditional sale that was taken in the name of L. only, as a matter of convenience, and where the possession had not been given by the seller, such fact did not release W. and H. from liability on the note, where it was shown that all three buyers were jointly interested in the purchase of the property.

**Appeal and Error—Effect of Evidence is Question for the Jury.**

4. Competent evidence, its credibility and effect, is a question for the jury to determine.

**Frauds, Statute of—Parol Evidence of Contract to Pay for Property in Particular Way.**

5. Where evidence established the fact that one defendant had contracted in writing for the purchase of certain property from the maker of the note sued on and as a part of the purchase price assumed payment of said note, the statute of frauds did not prevent the introduction of parol evidence to show that he acted for himself and two others jointly in the transaction; the agreement whereby he assumed such payment being a contract to pay for the property in a particular way, and not a contract to answer for and pay the debt of another.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2. Statement by MR. JUSTICE BENSON.

This is an action by the Riddle State Bank, a corporation, against J. A. Link, Wilbert J. Ross, A. Ellen

Dunbar, Brice Wilson and R. E. Hutchinson, to obtain judgment upon a promissory note.

The complaint alleges in substance that on November 16, 1910, plaintiff, at the special instance and request of defendants Ross and Dunbar, loaned $2,200 to Ross, for which these defendants then made, executed and delivered to plaintiff their promissory note which is set out in full. That thereafter the defendants Link, Wilson and Hutchinson acting together, and with the intention of organizing a corporation to be known as the Alder Creek Lumber Company, purchased a certain sawmill, and other property to be used in connection therewith, from Ross, agreeing to pay therefor the sum of $5,500; that as a matter of convenience to the purchasers the written agreement for the purchase from Ross was made in the name of Link only, but was, in fact, the agreement of all three with the intent that the property should be by him transferred to the corporation as soon as it should be organized; that such corporation was never organized, but that Link, Wilson and Hutchinson thereafter operated the mill under the name of Alder Creek Lumber Company as copartners; that according to the agreement of purchase they were to pay the price as follows: One thousand dollars in cash on or before August 8, 1912; $2,300 to be paid monthly in cash as certain timber should be sawed and cut; that any portion of the $2,300 remaining unpaid after July 18, 1912, should bear interest at the rate of 8 per cent; that they agreed to pay the remainder of the purchase price by assuming and paying to plaintiff the note above referred to, entirely relieving defendant Ross thereof, on or before November 16, 1913; that thereafter at the special instance and request of Link, Wilson and Hutchinson plaintiff extended the time of payment of the note

from November 16, 1911, to November 16, 1912; and
that Wilson and Hutchinson especially promised and
agreed to pay the same at such later date according to
the terms thereof; that the defendants last named
made a payment of interest amounting to $110 for the
half year ending November 16, 1912.

The defendants Wilson and Hutchinson answered
separately, denying the allegations of the complaint.
The other defendants made default. A trial was had
resulting in a verdict and judgment for plaintiff, from
which the answering defendants appeal.

AFFIRMED.

For appellants there was a brief over the name of
*Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. J. Skulason.*

For respondent there was a brief with oral arguments by *Mr. Oliver P. Coshow* and *Mr. A. N. Orcutt.*

MR. JUSTICE BENSON delivered the opinion of the
court.

The first three assignments of error are so intimately connected that we shall consider them together.
They are to the effect that the court erred in admitting
parol evidence of the alleged promise of defendants to
pay the note, since it was a promise to answer for the
debt of another and therefore in violation of the statute of frauds; that the court erred in admitting in evidence the written agreement of purchase and sale between Ross and Link as the agreement of Wilson and
Hutchinson because it was an attempt to vary by parol
the terms of a written instrument; that the court erred
in denying defendants' motion for a nonsuit upon the
ground that there was no competent evidence to show

any agreement upon their part to pay the debt of Ross and Dunbar; that the evidence disclosed affirmatively that the title of property never passed to Wilson and Hutchinson; that there was no evidence to show that Link had any authority to bind them in the manner of assuming payment of the note at the bank; and that there was no evidence of any partnership existing between Link and the answering defendants.

1. The parol evidence tending to show that the written contract executed by Link was in fact the contract of all three, was properly admitted. In the case of *Flegel* v. *Dowling,* 54 Or. 40 (135 Am. St. Rep. 812, 19 Ann. Cas. 1159, 102 Pac. 178), it was held that the statute of frauds does not exclude parol evidence to show that a written contract made between A, the seller, and B, the buyer, was on B's part made by him only as agent for C. It is said that such evidence does not contradict the writing, but explains the transaction.

2. As to the admissibility of the written contract signed by Ross and Link, it is enough to say that if the parol testimony above referred to satisfied the jury that the contract was, in fact, the act of Hutchinson and Wilson, then it was properly admitted.

3. We come next to a consideration of the written document itself. It is a contract for the purchase of the sawmill property and certain standing timber, and is, in form, written evidence of a conditional sale. Under such an agreement the delivery of possession by the seller was all that remained for him to do until such time as the final installment of the purchase price should be paid, at which time he would be required to deliver written evidence of title in the purchaser, and nothing remained for the buyer to perform other than the payment of the purchase price. There is therefore

no merit in the contention that there was no evidence of a purchase. It is immaterial as to whether there was evidence of a partnership in the strict sense of the term for there is evidence tending to show that Link, Hutchinson and Wilson were jointly interested in the purchase.

4. The credibility and effect of such evidence was for the jury to determine.

If the promise by Hutchinson and Wilson to pay the note was, as alleged in the complaint, a part of the purchase price, it would be susceptible of proof by parol evidence. As is said in *Feldman* v. *McGuire,* 34 Or. 309 (55 Pac. 872):

"It was not a mere promise by the defendant to be responsible for the debts of Corlett to those parties, and to pay those debts, but a promise by him to pay his own debt in that particular way."

The instruction of which complaint is made does not undertake to determine any question of fact, but is a proper statement of the law to the effect that taking possession of the personal property under a written contract, like the one in evidence, is sufficient to make the transaction a sale. Finding no error in the record, the judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.