Argued May 31, affirmed June 26, rehearing denied September 19, 1917.

# SMITH v. CAMPBELL.*

(166 Pac. 546.)

**Principal and Agent—Burden to Establish Relation—Action on Contract.**

1. Where a third party is sought to be held on a contract alleged to have been executed by an agent, the party seeking to enforce the contract must establish the alleged agency.

**Principal and Agent—Authority—Proof by Agent's Statements.**

2. An agent's authority cannot be proved by his own statements that he is such an agent.

**Principal and Agent—Acts of Agent—Proof Against Agent.**

3. Before the acts of an agent can be shown against the principal, the agency must be shown.

**Principal and Agent—Contract by Agent—Sufficiency of Evidence.**

4. In an action for breach of contract, evidence *held* sufficient to sustain finding that the contract was the contract of defendant, for whom plaintiff did the work, though it was signed by defendant's son.

**Evidence—Contract of Undisclosed Principal—Parol Evidence.**

5. Parol evidence is admissible to charge a principal on a simple contract, not negotiable, wherein the agent appears as principal, and to show that the contract was executed for the principal with intent to bind him, though signed by the agent alone.

[As to suits by undisclosed principals on contracts made with their agents, see note in 55 Am. St. Rep. 916.]

**Logs and Logging—Agreement to Saw—Sale of Standing Timber.**

6. An agreement to saw timber is not governed by the rule as to the sale of standing timber.

**Logs and Logging—Contracts to Saw Timber—Consideration.**

7. Where plaintiff agreed to saw the timber on defendant's land for so much a cord, defendant to retain title to the saw outfit furnished plaintiff until the full price was paid by deductions from the price payable to plaintiff for his work, the contract was supported by sufficient consideration.

**Frauds, Statute of—Promise to Answer for Debt or Default of Another.**

8. Where defendant contracted with plaintiff that plaintiff should saw the timber on defendant's land for a price per cord, the agreement being made by defendant himself, and the written memorial being executed in his presence by his son, whose name was inserted, as he was going to look after the supervision of the work on the

---

*On right of court to grant new trial on its own motion or on grounds other than those urged by moving party, see note in 40 L. R. A. (N. S.) 291. REPORTER.

ground, defendant's promise was not within the statute of frauds as a promise to answer for the debt or default of another, but an agreement by defendant to pay his own debt.

**Principal and Agent—Authority of Agent—Evidence.**

9. In an action for breach of contract whereby plaintiff agreed to saw the timber on defendant's land for a price per cord, defendant's statements were admissible to prove the authority of his son, who executed the contract, to act for him.

**New Trial—Correction of Error by Trial Court.**

10. When the trial court timely discovers that an error has been effected to the prejudice of the defeated party, so that the determination would be reversed on appeal, it may correct the error by setting aside the judgment and granting new trial.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action to recover damages for the breach of a contract alleged to have been entered into by plaintiff, Oscar L. Smith, and defendant, Floyd J. Campbell, on March 6, 1914, for the sawing of the timber upon a certain forty-acre tract of land owned by defendant. It is averred that Mart D. Campbell executed the contract as the agent of Floyd J. Campbell; that according to its terms the defendant was to furnish plaintiff with a saw outfit known as the "King of the Woods" for the sum $325, defendant to retain title to it until the full amount was paid by deducting twenty-five cents a cord from the price of forty cents a cord which was payable to him on the first and fifteenth of each month for his work; that if Smith discontinued the work before all the timber was cut he should forfeit all right to the saw outfit and any amounts then due him from the defendant. The agreement was signed by M. D. Campbell and witnessed by Floyd J. Campbell. It is further set forth that plaintiff entered upon the performance of the contract and sawed 712 cords of wood; that on July 1, 1914, by mutual agreement of plaintiff and defendant, the con-

tract was modified so that in addition to the sawing
Smith should fall and trim the timber, receiving sixty
cents a cord, but no more than forty-five cents prior to
the full payment of the outfit and after that no more
than forty-five cents a cord until the contract was com-
pleted; that thereafter plaintiff cut 970 cords of the
wood; that defendant applied upon the payment of the
outfit $316.51 to the plaintiff's damage in said sum;
that 2,000 cords remained to be cut; that defendant
failed and refused to pay any part of the thirty-five
cents a cord as agreed, and, on November 1, 1914,
wrongfully refused to perform the contract, took pos-
session of the saw outfit and the land, and refused to
permit plaintiff to perform the agreement as modified,
to the latter's damage in the sum of $1,000.

The answer of the defendant consisted of a general
denial of the complaint. After plaintiff introduced
evidence, made an offer of proof, and rested his case,
counsel for defendant moved for a "nonsuit on the
ground that plaintiff has failed to establish by any com-
petent evidence or offer of proof that the contract sued
upon is the contract of the defendant, Floyd J. Camp-
bell," and has failed to establish the allegations of his
complaint. The court granted the motion. There-
after the trial court on motion of plaintiff set aside the
judgment of nonsuit and granted plaintiff a new trial,
from which order defendant appeals.          Affirmed.

For appellant there was a brief over the names of
*Messrs. Wilson, Neal & Rossman,* with an oral argu-
ment by *Mr. Oscar A. Neal.*

· For respondent there was a brief over the names of
*Mr. Henry J. Bigger* and *Mr. Julius N. Hart,* with an
oral argument by *Mr. Bigger.*

MR. JUSTICE BEAN delivered the opinion of the court.

1–3.   Counsel for defendant correctly submit that where a third party is sought to be held upon a contract alleged to have been executed by an agent, the party seeking to enforce the contract must establish the alleged agency: *Hahn* v. *Guardian Assurance Co.,* 23 Or. 576 (32 Pac. 683, 57 Am. St. Rep. 709); *Jameson* v. *Coldwell,* 25 Or. 199 (35 Pac. 245); *Connell* v. *McLoughlin,* 28 Or. 230 (42 Pac. 218); *Rumble* v. *Cummings,* 52 Or. 203, 208 (95 Pac. 1111); that an agent's authority cannot be proved by his own statements that he is such an agent, and before the acts of the agent can be shown against the principal, the agency must be shown: *Harrisburg Lumber Co.* v. *Washburn,* 29 Or. 150 (44 Pac. 390); *Connell* v. *McLoughlin,* 28 Or. 230 (42 Pac. 218); *Wicktorwitz* v. *Farmers' Ins. Co.,* 31 Or. 569 (51 Pac. 75); *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888); *Sloan* v. *Sloan,* 46 Or. 36 (78 Pac. 893); *Toomey* v. *Casey,* 72 Or. 290 (142 Pac. 621).

The main and only important question in this case is: Did the plaintiff produce or tender any competent evidence tending to show that M. D. Campbell was acting as the agent of Floyd J. Campbell in the transaction set forth in the complaint? To determine this we will examine the testimony. Plaintiff, Oscar L. Smith, testified in substance as follows:

"I told him [Floyd J. Campbell] I had heard he wanted some one to saw some wood, that he had bought a drag-saw, and he said he had.   He said he wanted some one to take the contract of cutting all the wood on forty acres that he owned out near Sherwood, and wanted to know what I could cut it for.   I told him I would have to see the timber first.   He said that I could go and look over the timber and he had the drag-saw, and he would sell me the drag-saw at $325 and pay for it at so much a cord.   So, on the following day

I went up and the son, Mr. Mart Campbell, was there, and we agreed to go out and look over the timber, and we went out there.''

Mr. Smith stated that they met and agreed upon the terms of the contract. As to the conversation had with Mr. Floyd Campbell in regard to the signing of the agreement the witness testified thus in part:

''Well, I went up to Mr. Campbell's office, and he showed me the contract he had fixed up and I read it over, and I seen it was made in Mr. Mart Campbell's name. * * Well, I asked him about the contract, or whose it was and he said he was responsible for everything, he just put the boy's name in there, and he was going to handle that end of it in the woods, and he would be responsible for everything, and naturally it was his contract.''

Lewis Gillis, a witness to the contract, testified to the effect that Floyd J. Campbell said the agreement was his, that he would ''stand for all'' and pay all bills.

4. It was the contention of the defendant that the evidence tended to show a promise on the part of Floyd J. Campbell to answer for the default of his son, and the court struck out the evidence. The jury might reasonably have found from the testimony, had it been submitted to them, that it was the debt and contract of Floyd J. Campbell, for whom plaintiff did the work. The salient feature of the evidence, however, as to the agency of Mart D. Campbell was the statement of Floyd J. Campbell that ''he would have him [Mart D. Campbell] look after it'' (meaning the work) and that ''he just put the boy's name in there,'' referring to the contract. Plaintiff tendered the contract in evidence and the following testimony that:

''Oscar L. Smith entered upon the performance of the same, and performed the same according to its

terms up to and until about the first day of July, 1914, and at that time said contract was modified as alleged in his complaint, and that thereafter on or about the 20th of October, 1914, the defendant, Floyd J. Campbell, appeared upon the premises described in the contract, and terminated said contract, and told the plaintiff that he could no longer saw wood upon said premises. That he would pay him no more money for his work, for the reason that the right of way out of which he hauled the wood, had been closed and that it cost him more to get his wood cut, and he could not make anything out of it. And at that time the said Floyd J. Campbell offered to let the plaintiff have the saw for what he had paid on it, if he would give him a mortgage back for the balance due thereon. * * Plaintiff also offers to prove that the saw mentioned in plaintiff's complaint was bought by and in the name of Floyd J. Campbell, and paid for by Floyd J. Campbell; that the plaintiff, Smith, was paid by Floyd J. Campbell, all the payments made under said contract during the time the plaintiff was working in and about the sawing of said wood. * * ''

And that the son merely attended to the cutting and piling of the wood as agent for his father.

5–10. According to the great weight of authority parol evidence is admissible to charge a principal, in this instance, Floyd J. Campbell, on a simple contract not negotiable wherein the agent, here claimed to be Mart D. Campbell, appears as principal, and to show that the contract is executed in the business of the principal and with intent to bind him, although signed by the agent alone: 31 Cyc. 1659. This is the holding in this state: *Barbre* v. *Goodale,* 28 Or. 465, 470 (38 Pac. 67, 43 Pac. 378); *Anderson* v. *Portland Flouring Mills Co.,* 37 Or. 483 (60 Pac. 839, 82 Am. St. Rep. 771, 50 L. R. A. 235); *Riddle State Bank* v. *Link,* 78 Or. 498 (153 Pac. 1192). This rule is not directly questioned by the defendant. The agreement for cutting the wood, upon

which this action is based, is not governed by the rule as to the sale of standing timber. It was supported by a sufficient consideration, being to promote the interest of the defendant, Floyd J. Campbell, and the promise was not within the statute of frauds. It was an agreement by the defendant to pay his own debt and not that of another: *Bauer* v. *Northwest Blow-pipe Co.,* 75 Or. 1 (146 Pac. 129) ; *Davis* v. *Patrick,* 141 U. S. 479 (35 L. Ed. 826, 12 Sup. Ct. Rep. 58). In the present case the evidence of plaintiff tended to show that the agreement was made by the defendant himself and that the written memorial thereof was executed in his immediate presence by his son whose name was inserted as he was going to look after the supervision of the work on the ground. If this is true there could be but little chance for questioning the authority for the action of the younger Campbell. The statements of the defendant were clearly admissible. On this point the evidence fills the measure of the rule declared by Mr. Justice Moore in *Rumble* v. *Cummings,* 52 Or. 203, 208 (95 Pac. 1111).

The evidence as to damages, a phase of the case which was practically not reached, indicated that plaintiff had lost all the payment on the saw outfit. The case was really determined upon the matter of agency. There was sufficient testimony tended to take the case to the jury and the trial court committed no error in reversing its ruling and granting plaintiff a new trial. When the trial court timely discovers that an error has been effected to the prejudice of the defeated party so that the determination would be reversed upon appeal if not corrected by the trial court, it may correct the error by setting aside the judgment and granting a new trial: *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A.

(N. S.) 291); *Sullivan* v. *Wakefield*, 65 Or. 528 (133 Pac. 641); *Smith & Bros. Typewriter Co.* v. *McGeorge*, 72 Or. 523 (143 Pac. 905).

Finding no error in the record the judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.