Submitted on briefs January 2, reversed and remanded April 24, costs taxed May 22, 1923.

# OEDER v. WATT.

(214 Pac. 591.)

**Judgment—Opening Default Judgment Against Plaintiff Held not Abuse of Discretion.**

1.  Where affidavit of plaintiff's attorney, on motion under Section 103, Or. L., to obtain relief from default judgment three days previous thereto, stated he did not receive notice of the setting of the case, *held,* that allowing the case to be heard again was not an abuse of discretion of the trial court.

**Pleading—Breach cannot be Pleaded as Legal Conclusion, but Facts must be Alleged.**

2.  Section 88, Or. L., allowing a party to plead that he has "duly performed" all the conditions on his part, does not authorize pleading a contract breach, as distinguished from performance, as a legal conclusion, but the facts should be averred.

**Contracts—Pleading Held Insufficient to State Right of Action by Third Party to Contract.**

3.  A complaint alleging that plaintiff's assignor, a title and trust company engaged in selling real estate, "secured" a contract between one W. and defendant, whereby W. sold to defendant a described piece of property, and that W. and defendant agreed to pay a certain sum as "commission on the above sales" to plaintiff's assignor, *held* insufficient, as not showing that W. owed any duty or obligation to plaintiff's assignor under Section 808, subdivision 8, Or. L., or otherwise, which would serve to connect the assignor with the contract, and enable it to enforce the contract in its own right.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

REVERSED AND REMANDED. COSTS TAXED.

For appellant there was a brief over the name of *Mr. Donald W. Miles.*

For respondent there was a brief over the name of *Mr. W. L. Cooper.*

BURNETT, J.—After stating in the amended complaint, the corporate character of the Lawyers Title and Trust Co., and the fact that it was engaged in the business of selling real estate, the plaintiff alleges that the corporation ''secured a contract'' of which, omitting the description of the property, the following is a copy:

"Portland, Ore.
"July 16, 1920.

"Parties to have until Aug. 1, 1920, to present abstracts or certificates of title to the Lawyers' Title and Trust Co's office.

"This contract, entered into this 16th day of July, 1920, by and between J. C. Williams, party of the first part, and G. R. Watt, party of the second part.

"For and in consideration of One Dollar ($1.00) receipt of which is hereby acknowledged, the party of the first part agrees to sell, and party of the second part agrees to buy certain property in Vancouver, Washington, numbered 305 & 307 Main Street, for the sum of $28,000.00, to be paid for as follows:

"Party of the second part agrees to assume certain mortgage of $9,000.00 now of record and give the party of the first part the following property; subject to the following conditions: [Conditions not material]. * *

"Party of the second part is to have time to arrange a loan on building in Gervais, Ore., as above stated.

Party of the first part has the option of paying the $1500.00 now of record and taking the property clear.

"Party of the first part agrees to pay $383.00 and party of the second part agrees to pay $766.00 to the Lawyers' Title & Trust Co. as commission on the above sales being payment in full.

"Witness                    (Signed)   J. C. WILLIAMS.
"J. R. HAIGHT                          G. R. WATT."

The amended complaint concludes with the following allegations:

"V.

"That the said J. C. Williams mentioned in said contract has complied with all the terms of his agreement, and has placed his abstract with the Lawyers' Title & Trust Company and has made at all times and is now ready and willing to complete said contract according to said agreement, but the defendant fails and refuses to comply with his terms of the contract.

"VI.

"That the Lawyers' Title & Trust Company has performed all the duties required of it to be performed and is entitled to the commission of $1149.00, which amount has been demanded from the defendant and he refuses to pay the same.

"VII.

"That the Lawyers' Title & Trust Company sold, assigned and transferred the claim to the plaintiff herein before the institution of this action, and he is now the owner and holder thereof."

The defendant interposed a demurrer to this pleading on the ground that there was a defect of parties defendant, in that J. C. Williams, mentioned in the contract, was not made a party defendant; that two causes of action had been improperly united and that plaintiff's complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

So far as necessary to this decision, the answer admitted the execution of the contract mentioned in the complaint but otherwise denied that pleading in its entirety. There was affirmative matter in the answer which was traversed by the reply but consideration thereof is not material at this juncture.

1. The case was set for hearing on March 22, 1921. The plaintiff did not appear at that time, either in person or by attorney; whereupon, the defendant introduced testimony, took a verdict in his favor and had judgment thereon for costs and disbursements. On March 25, 1921, plaintiff moved the court:

"to set aside the default verdict rendered therein on the 22nd day of March, 1921, and to permit the plaintiff to appear and prosecute said action."

The substance of the affidavit of the plaintiff's attorney, in support of that motion, was that he did not receive any notice of the setting of the case although he had received notice of its setting on a former date which had been canceled. The court ordered the verdict and judgment to be set aside and a new hearing granted on condition that within five days, the plaintiff pay to the defendant the costs and disbursements already accrued and taxed. The defendant appealed, assigning as error that the court was wrong in overruling the demurrer to the amended complaint and in setting aside the verdict and judgment and reinstating the cause for trial. Although the motion was to set aside "the default verdict," whatever that may be, and does not propose to attack the judgment, we may treat that application as one framed under Section 103, Or. L., empowering the court

"in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other

proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect,''

although the motion was not filed within one day after the entry of the judgment as required by Section 175, Or. L. The showing in support of the motion lies close to the border line of insufficiency, yet we are not prepared to say that the court abused its discretion in overlooking the inadvertence of plaintiff's counsel and allowing the case to be heard again. It remains to consider the sufficiency of the amended complaint.

2. In his attempt to charge the breach of the contract by the defendant, the plaintiff says:

''but the defendant fails and refuses to comply with his terms of the contract.''

Section 88, Or. L., referring to pleading the performance of conditions precedent in a contract, says:

''It shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part.''

This rule, however, refers as its terms indicate, to pleading performance of contract and not to the assignment of a breach thereof. Only by virtue of this section has a party the privilege of thus stating his own fulfillment of his contract in the form of a legal conclusion. The privilege does not hold, however, when he comes to charging the delinquencies of the adverse party to the contract. The allegation referred to states only a conclusion of law. The pleader should aver the facts upon which he relies so that the court, considering his pleading, may itself draw the conclusion that the defendant has not complied with the contract. We are unable to determine from the allegation, which one of the terms of the

contract has been violated by the defendant, whether
the assumption of the mortgage on the Williams prop-
erty, or the agreement to buy that property, or to
convey property formerly held by the defendant. It
is not apparent what duties the Lawyers' Title and
Trust Company was required to perform or how it
had become entitled to a commission or what right it
had to demand payment of the same. Neither does it
appear what claim has been assigned by the company
to the plaintiff.

3. A more serious objection to the amended
complaint, however, arises out of the application
of the doctrine alluded to in such cases as *David-
son* v. *Madden,* 89 Or. 209 (173 Pac. 320); *The
Home* v. *Selling,* 91 Or. 428, 436 (21 A. L. R.
403, 179 Pac. 261), *Rugh* v. *Soleim,* 92 Or. 329 (180
Pac. 930), and *Phez Co.* v. *Salem Fruit Union,* 103
Or. 514, 532, 547 (201 Pac. 222, 205 Pac. 970), relat-
ing to the right of a person for whose benefit a con-
tract has been made by other parties, to sue upon
that contract. In *The Phez Co.* v. *Salem Fruit Union,*
*supra,* this question was discussed in the first opinion.
Afterwards in the opinion on petition for rehearing,
the court pointed out two elements essential to a con-
tract that may be enforced by a third party:

"1. There must be an intention to benefit the third
party.

2. The promisee must owe some obligation to the
third party."

The following excerpt from *Vrooman* v. *Turner,* 69
N. Y. 280 (25 Am. Rep. 195), was quoted with ap-
proval:

"To give a third party who may derive a benefit
from the performance of the promise, an action, there
must be, first an intent by the promisee to secure

some benefit to the third party, and second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise or an equivalent from him personally.''

This is a leading case on that subject and has been cited many times by this court. It enunciates the rule established in this state. Applying the precept to the instant case, we deduce from the contract pleaded that the defendant as a promisor, made a promise to Williams with whom he contracted, constituting Williams the promisee. The complaint does not disclose that Williams, the promisee, owed any debt or duty to the company so as to qualify that concern to sue the defendant here directly upon that contract. The complaint, indeed, says that the company ''secured'' this contract. Whether it became a surety for its performance or acted as an agent or broker to sell or purchase real estate for a compensation or commission as mentioned in subdivision 8 of Section 808 of Or. L. is not apparent. The facts should have been stated, disclosing in some way that Williams, the promisee to Watt's promise as promisor owed some duty or obligation to the company which would serve to connect the latter with the contract and enable it to enforce it in its own right. Without this circumstance appearing by apt statement in the pleading, it was insufficient to disclose the right of the plaintiff as assignee of the company to maintain this action. The demurrer should have been sustained. The judgment of the Circuit Court is reversed and the cause remanded for further proceedings.          REVERSED AND REMANDED.          COSTS TAXED.

Mr. Justice McCOURT concurs in the result.