Argued April 10, affirmed July 30, rehearing denied October 1, 1929.

GERTRUDE RUSHING *v.* JOHN A. SABOE ET AL.

(279 Pac. 867.)

For appellant there was a brief over the name of *Messrs. Ridgway, Johnson & Kendall,* with an oral argument by *Mr. John C. Kendall.*

For respondent there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

COSHOW, C. J.—■ Appellant's defense is based upon her claim that her agent Keller was never authorized by her to agree to pay the note and, therefore, she was not liable. Her contention is there is no evidence tending to prove that her agent Keller was authorized to assume or guarantee the payment of the note signed by her co-defendants. In her supplemental brief she uses this language:

"We do not deny that under the verdict in this case, it is an established fact that Mrs. Loring

assumed and agreed to pay the debt due from Mandigo to Mrs. Rushing, if it be determined that her agent Keller had the authority to bind her.''

It can hardly be denied that there is material evidence tending to prove that Keller, admittedly appellant's agent, had the authority to bind her to pay Mandigo's debt to plaintiff. There is evidence that Mrs. Loring admitted to plaintiff that Keller was her agent; that he represented her in the purchase of the mining stock; that she purchased a controlling interest in the mine and had her agent Keller elected president thereof; that she provided the money for Keller to pay anything that came up that was right; ''Mr. Keller had the money to pay anything that came up that was right''; she also testified that she would not say that she directed him to pay obligations because she did not know anything about that ''but Mr. Keller was the judge of that''; she further testified: ''Mr. Keller had the authority to do the right thing in paying bills.'' Mr. Keller, the agent of appellant, testified as follows:

''Q. What, if any, instructions did Mrs. Loring give you about paying obligations that might exist against the company? A. She authorized me to pay all obligations and gave me the money to do it with. * *

''Q. (You knew) That ten thousand dollars of this woman's money had gone to pay for machinery for that company that you were buying out? A. Yes, sir.

''Q. And you think you learned that about the time you were buying this stock? A. Well, I had heard of this before.

''Q. But when did you first hear her money had gone to pay for machinery for the company? A. I could not say what date. Mr. Saboe had told me about it several times.

''Q. Maybe some time before you got the fifty thousand dollars? A. Oh, yes.

"Q. Before Mrs. Loring gave you that money and authorized you to pay all obligations against the company you knew about this? A. I knew about her having put money into the mine, yes."

There is further positive testimony by Mr. Mandigo to the effect that said Keller promised more than once to pay the obligation of the other defendants to plaintiff. There is no doubt that the money for which the promissory note was given was borrowed for the benefit of the corporation of which defendants were the principal stockholders. There is material evidence supporting plaintiff's contention that appellant assumed and agreed to pay the obligation of her co-defendants to plaintiff.

In appellant's supplemental brief she insists that the complaint does not state a cause of action against her. She concedes that the complaint states a good cause of action on the promissory note, but not against appellant for assuming to pay the note of her co-defendants. Relying upon the well-settled principle that appellant can advance the defense now that the complaint does not state facts sufficient to constitute a cause of action, appellant urges that the judgment against her should be reversed. A careful reading of the complaint leads us to hold that the complaint states a good cause of action against appellant. The paragraph cited in the statement clearly alleges that appellant, as a part of the consideration for the sale and transfer to her of the capital stock owned by H. H. Mandigo, one of the makers of said note, promised and agreed to pay to the plaintiff the said promissory note and interest within a reasonable time. The court will indulge every intendment in favor of plaintiff in order to sustain her complaint. No demurrer was filed against the complaint. Upon the complaint as thus construed appellant's co-defend-

ants are not necessary parties. The fact that plaintiff joined unnecessary parties is not a serious error, if an error at all. It would have been necessary in any event to set out the other allegations in the complaint showing the obligation of the defendants, which appellant assumed and agreed to pay.

■ Appellant further insists in her supplemental brief that since appellant is not liable on the note she is liable only for interest at the rate of 6 per cent per annum from the date she agreed to pay the note and is not liable for attorney's fee. This contention is based upon the law that appellant is not liable upon the note itself, not having signed the same, but is only liable for the debt evidenced by the note.

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed his own name." Or L., § 7810.

*Case* v. *McKinnis,* 107 Or. 223, 236 (213 Pac. 422, 32 A. L. R. 167); *Frazey* v. *Casey,* 96 Wash. 422 (165 Pac. 104); *Security State Bank* v. *Adkins,* 134 Wash. 94 (235 Pac. 18).

The extent of appellant's liability on the note made by her co-defendants in favor of plaintiff depends altogether upon her contract. What was it she agreed to pay? Her agent Keller testified: "She authorized me to pay all obligations and gave me the money to do it with." What was the obligation of her co-defendants, who were owners of substantially all of the stock of the mining company at the time the note was given? So far as plaintiff is concerned the obligation was the note set out in the complaint. That obligation did not consist alone of the principal sum less the payments indorsed on the note. The obli-

gation included interest at the rate of 10 per cent per annum and the agreement to pay attorney's fee in case suit or action should be instituted to collect the note. Appellant relies on a well-considered case from Washington: *Frazey* v. *Casey,* above. This case the late Mr. Justice MOUNT speaking for the court holds to be based upon the promissory note and not upon the individual agreement of Casey to pay that note. In the instant case we hold that this action is based upon the individual contract of appellant to pay the note. That is the allegation of the complaint. The note represents an obligation which appellant assumed and agreed to pay. Plaintiff has not taken judgment against the makers of the note as did the plaintiff in the case of *Frazey* v. *Casey,* above.

The former decisions of this court in similar cases sustain the right of plaintiff to judgment for interest at the rate of 10 per cent per annum and attorney's fee: *Riddle State Bank* v. *Link,* 78 Or. 498 (153 Pac. 1192). That case is very similar to the case at bar. There the parties who assumed to pay the note had made payment thereon, as did the appellant in the instant case. She denies that she made the payments, but there is evidence from which the jury could lawfully deduce that conclusion. In the Riddle Bank case plaintiff recovered on the note because the parties assuming had agreed to pay the note and had actually made payments thereon. In the case of *Noble* v. *Beeman-Spaulding-Woodward Co.,* 65 Or. 93 (131 Pac. 1006, 46 L. R. A. (N. S.) 162), in a well-reasoned opinion by the late Mr. Justice BURNETT, defendants were held to the contract they had made. Plaintiff was not allowed to recover attorney's fee because the defendants had not agreed to pay the note to him. This action was for reim-

bursement for what he had paid. That case is not in point here. The instant case would be similar if Mandigo had paid the note to the holder and he himself was suing defendant Loring. He could then only recover the amount he paid with lawful interest. To the same effect are the other cases relied upon by appellant, to wit: *The Umpqua Valley Bank* v. *Wilson*, 120 Or. 396, 403 (252 Pac. 563); *Wilson & Hollenbeck* v. *U. S. Lumber & Box Co.*, 108 Or. 641, 643 (215 Pac. 491); *Oeder* v. *Watt*, 107 Or. 600, 605 (214 Pac. 591); *Phez Company* v. *Salem Fruit Union*, 103 Or. 514, 531 (201 Pac. 222, 205 Pac. 970, 25 A. L. R. 1090); *The Home* v. *Selling*, 91 Or. 428, 437 (179 Pac. 261, 21 A. L. R. 403); *Davidson* v. *Madden*, 89 Or. 209, 215 (173 Pac. 320). In the last-named case plaintiff recovered the balance due on the note just as plaintiff recovered the balance due on her note in the instant case. In *The Home* v. *Selling*, above, the same principle was applied. Defendant assumed and agreed to pay the mortgage but did not assume or agree to pay the note which the mortgage was given to secure. The mortgage did not provide for attorney's fee, consequently plaintiff was not permitted to recover attorney's fee. Attorney's fee was not allowed by this court because there was no contract to pay them by the party who assumed to pay the note. In the instant case the contract, according to appellant's own agent, who transacted all the business, was to pay the obligation which was the promissory note set out in the complaint. That note, then, is the measure of appellant's liability under her contract with Mandigo. The note provides for attorney's fee.

The jury returned a verdict for $12,320.28 and attorney's fee for $1,000. This amount was excessive and on motion of plaintiff it was reduced to $11,652.43

and $1,000 attorney's fee. Appellant seeks to have it further reduced but computed the interest at 6 per cent only. There is no dispute about the amount of the attorney's fee allowed. We do not think appellant's position is well taken. Judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BELT and BEAN, JJ., concur.

BROWN, J., absent.