## Louisville & Nashville Railroad Company v. Durbin.

(Decided December 11, 1917.)

### Appeal from Lee Circuit Court.

Railroads—Cattle Guards and Fencing—Contract Respecting.— A railroad company and a land owner have the right to enter into a contract respecting the erection and maintenance of fences and cattle guards, and when such a contract puts on the land owner the duty of erecting and maintaining the parallel fencing, and on the railroad company the duty of erecting and maintaining suitable cattle guards, he cannot complain of the failure of the railroad company to erect and maintain suitable cattle guards unless his land is enclosed on both sides of the right of way by parallel fencing.

WALLACE & HARRIS, B. D. WARFIELD, G. W. GOURLEY & SAM HURST for appellant.

THEO. B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, William Durbin, sued the appellant railroad company to recover damages caused by injury

to his crops sustained by the failure, as he alleged, of the railroad company to maintain in proper condition a cattle guard. On the trial of the case there was a judgment for Durbin, and on this appeal the only ground relied on for reversal that we need consider is the correctness of the ruling of the trial judge in refusing to order a directed verdict for the railroad company.

It appears from the evidence that the land of Durbin is situated on both sides of the right of way of the railroad company. Adjoining his land is the land of Granville Spicer, which is also located on both sides of the right of way. Between the lands of Spicer and Durbin there is a fence running to the right of way on each side at the point where the cattle guard is situated. On one side of the right of way where it runs through the land of Durbin there is a fence between it and the land of Durbin, but on the other side of the right of way where it runs through his land there is no fence between his land and the right of way, and it was on the side of the right of way not protected by a fence that the corn and other crops were growing which were injured by stock that came into Durbin's land over the cattle guard on the line between his land and Spicer's. This cattle guard, which had been constructed many years ago when the railroad was established, had been permitted to fill up with rock, cinders and dirt level with the track until at the time in question there was, in fact, no suitable or sufficient cattle guard, and straying stock could and did walk on the track between the land of Spicer and the land of Durbin, and when they got on Durbin's land they could and did go without hindrance to the corn and other crops, as there was, as we have said, no fence separating the right of way from the land where this corn and other crops were growing.

It further appears that in 1889, Benjamin T. Goe, a remote vendor of Durbin, sold to the Richmond, Nicholasville, Irvine & Beattyville Railroad Co., the vendor of the appellant railroad company, a right of way through the land now owned by Durbin. The deed conveying this right of way was recorded in the proper office in 1889, and we find in it this clause: "And said party of the first part (Goe) is to erect and maintain all the necessary fencing on said land . . . . all at the cost of said first party, and in no event is the railroad company to erect or maintain any fencing on said land,

but said company is to make proper crossings and cow gaps on said land." The conditions imposed by this deed ran with the land, and are binding on Durbin and the appellant railroad company, and the rights of the parties to this litigation are to be determined by the condition in the deed which we have set forth.

At the time this contract was made the statute law in respect to the erection and maintenance of railroad fences and cattle guards, so far as applicable to this case, was substantially the same as that contained in the present statute; that is to say, the land owner had to construct and maintain the fence on one-half of the division line between the right of way and the adjoining lands and the railroad company the other one-half and cattle guards were to be erected and maintained by the railroad company "at all terminal points of fences constructed along their lines," except that where there was a private passway across the railroad right of way, the land owner should bear one-half of the expense.

This statutory requirement, however, was changed by the contract entered into between the parties by which Goe, the land owner, agreed to erect and maintain all the necessary fencing, and the company agreed to erect and maintain crossings and cattle guards. We also think that the fencing required to be erected and maintained by Goe was such fencing as both parties would have been required to construct and maintain except for the contract, and that the cattle guards which the railroad company obligated itself to construct and maintain were such cattle guards as the statute put on it the duty of constructing and maintaining. In other words, the conditions in the deed did not change the quantity or quality of either the fencing or cattle guards required by the statute, but only made a different provision as to who should construct and maintain them.

Having this view of the matter, the railroad company was under no duty to construct or maintain a cattle guard between the land of Spicer and Durbin until Durbin had constructed a fence on both sides of the right of way between his land and the right of way, and being under no duty to construct a cattle guard until the fence was built, it was under no duty to maintain one. The construction and maintenance of fences and cattle guards go together. If there is no parallel fencing, there need be no cattle guards. McKee v. C., N. O. & T. P. Ry. Company's Receiver, 102 Ky. 253;

Parrish v. L. & N. R. R. Co., 126 Ky. 638; L. & E. Ry. Co. v. Russell, 177 Ky. 79.

It necessarily follows from what we have said that the court should have given a peremptory instruction to find for the railroad company.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.