Argued September 11, reversed November 10, 1972

HUFF ET UX, *Respondents, v.* DUNCAN ET UX,
*Appellants.*

502 P2d 584

*Norma Paulus,* Salem, argued the cause for appellants.

*Rolf T. Olson,* Salem, argued the cause for respondents.

O'CONNELL, C.J.

This is a suit in which plaintiffs seek a decree declaring null and void a certain covenant which imposed building restrictions upon their land. The trial court granted the relief prayed for and defendants appeal.

Defendants purchased a parcel of land from Phil and Ida Steffes on May 25, 1962. On the same date, the parties executed a "Real Property Agreement" which recited that the Steffes, as first parties, "have sold and conveyed to GEO. R. DUNCAN, SR. and TERESE M. DUNCAN * * * a tract of land de-

scribed as follows [describing it], which conveyed land was a part of a tract conveyed to first parties [the Steffes] by deed from Schermans, recorded April 19, 1947 in Volume 367, Page 654, Deed Records for Marion County, Oregon, which tract is more particularly described as follows [describing it]." The agreement then continued as follows:

"Now as part of the consideration of the sale and conveyance to second parties, the first parties agree for themselves, their heirs and assigns, that the remainder of said land described in said volume 367, page 654 shall be restricted for residential purposes only and to residences valued at not less than $10,000.00; and that first parties and their heirs and assigns will convey to any public body, willing to accept the same as a public road, a strip of land 30 feet wide extending East and West along and adjacent to the North line of said tract conveyed to second parties, provided that second parties also convey the North 30 feet of said second parties above described land for a like purpose."

The deed from the Steffes to defendants was recorded on May 28, 1962. The Real Property Agreement was recorded sometime in May, 1962.[1]

On July 15, 1965, the Steffes contracted to sell to Gerald and Myra Ripka a parcel of land which was a part of the land retained by Steffes after the conveyance to defendants. The contract made no mention of the building restrictions created by the Real Property Agreement. The Steffes-Ripka contract was assigned to plaintiffs on August 23, 1966. There is no evidence that plaintiffs had actual knowledge of the building restrictions.

---

[1] The reproduction of the recording stamp on the photo copy of the agreement is indistinct. It is likely that the agreement was recorded at the same time the deed was recorded.

■ The recording of the Real Property Agreement would operate to give the Ripkas and the plaintiffs constructive notice of the restrictions. The recorded agreement would be revealed by a reasonable search of the records and the agreement would clearly disclose to the searcher that the restrictions were imposed upon the land retained by the Steffes after conveying the parcel to defendants.

■■ The only question, then, is whether the covenant creating the restrictions is binding upon the successors in title of the Steffes. Plaintiffs contend that the requirements for the running of a covenant with the land are not met. We hold otherwise. The covenant clearly touches and concerns the land. The cases are legion in which it is held that a covenant restricting the type of building upon the promisor's land satisfies the requirement that the covenant touch and concern the land.[2] It is also required that the parties to the promise intend that the promisor's successors in title be bound.[3]

■ This requirement is met in the present case. The Real Property Agreement provides that the promisors "their heirs and assigns" agree that the property retained was to be restricted. As 5 Restatement, Property

[2] American Law of Property, § 9.13, 376-7 (1952); 5 Powell, Real Property, § 675, 182-5 (1971). The Restatement of Property (Servitudes) does not employ the phrase "touching and concerning." See 5 Restatement, Property (Servitudes), Intro. Note to Part III, p 3160 (1944). The equivalent of the touching and concerning requirement in the Restatement states that for a burden of a promise to run the promise must be one respecting the use of the land of the promisor. A building restriction would obviously meet this requirement. It is also essential that there be a benefit in the use of some land resulting from the performance of the promise. This would be satisfied in the present case by the benefit accruing to the defendants' land from the building restriction. See 5 Restatement, Property (Servitudes), Intro. Note, p. 3161 and § 537 (1944).

[3] 5 Restatement, Property (Servitudes), § 531 (1944).

(Servitudes), § 531, p. 3197 (1944) explains, "If the promise in terms purports to bind them [promisor's successors in title] by the use of such words as 'successors' or 'assigns', little question can arise as to the existence of the necessary intention."[4]

■ The requirement of privity of estate must also be met. Plaintiffs contend that privity does not exist unless the parties or their predecessors have had a simultaneous interest in the land in controversy. This is not correct. Privity arises out of a transfer of an interest in the land benefited by the promise.[5] There was such a transfer in the present case by the conveyance of the parcel of land to defendants.

■ Plaintiffs point to the fact that defendants' land was not restricted, arguing that without reciprocal restrictions the burden of the covenant will not run. There is no such requirement for the running of the burden of covenant.

All of the requirements for the running of a cove-

---

[4] See also Duester v. Alvin, 74 Or 544, 145 P 660 (1915); Ready v. Schmith, 52 Or 196, 95 P 817 (1908); Brown v. Southern Pacific Co., 36 Or 128, 58 P 1104, 47 LRA 409, 78 Am St Rep 761 (1899); Note, "Spencer's Case—Covenants Running with the Land —The Requirement that the Word 'Assigns' be Used," 28 Or L Rev 180 (1949).

[5] 5 Restatement, Property (Servitudes), § 534, pp. 3205-06 (1944):

"The successors in title to land respecting the use of which the owner has made a promise are not bound as promisors upon the promise unless

"(a) the transaction of which the promise is a part includes a transfer of an interest either in the land benefited by or in the land burdened by the performance of the promise; or

"(b) the promise is made in the adjustment of the mutual relationships arising out of the existence of an easement held by one of the parties to the promise in the land of the other."

nant with land being present and plaintiffs and their predecessor in title having had constructive notice of the covenant, they are bound by it.

The decree of the trial court is reversed.