556 P.2d 724 (1976)
27 Or.App. 581
Ervin E. JOHNSON and Inez M. Johnson, Appellants,
v.
STATE of Oregon, Acting by and through the Highway Division of the Department of Transportation, Respondent.
Court of Appeals of Oregon.
Submitted on Record and Briefs November 1, 1976.
Decided November 29, 1976.
William F. Frye, Eugene, filed the brief for appellants.
Lee Johnson, Atty. Gen., W. Michael Gillette, Sol. Gen., and Al J. Laue, Asst. Atty. Gen., Salem, filed the brief for respondent.
Before SCHWAB, C.J., and FORT and THORNTON, JJ.
SCHWAB, Chief Judge.
Plaintiffs appeal from a declaratory judgment that a covenant given by their predecessor in interest runs with the land plaintiffs now own and is therefore binding upon plaintiffs.
In 1943, Robert and Lula May Brown conveyed to the State of Oregon in fee simple a 60-foot-wide strip of land bordering Highway 58 in Pleasant Hill. The deed described the land conveyed and the larger tract of land of which the conveyed land was once a part, and contained a covenant which provided:
"The real property herein conveyed is a part of the above described larger tract. The consideration of $2,940.00 includes the cost of moving and reestablishing the residence located on the above described larger tract, which residence when moved must necessarily be moved at a date subsequent to the execution and delivery of this deed and the payment of the said consideration. Said residence is now located within forty-eight feet of the right of way line of the highway as located prior to January, 1941. Should the state, by and through its Highway Commission, or the successors in interest of the Highway Commission, at any time subsequent to the date of this deed and prior to the removal of *725 said residence from its present site require additional right of way for the highway abutting on the above described larger tract, then the State shall not be required to pay for the removal of said residence or for damage to the same if said residence at such time occupies an area within thirty-five feet of the right of way line of said highway as the same is now located * * *."
The Browns conveyed the larger tract by warranty deed to one Rash in 1944, who in turn conveyed the land by warranty deed to plaintiff in 1946. Neither deed contained any reference to the 1943 covenant. In 1973 plaintiffs attempted to sell the remaining property, but were unable to do so because the prospective purchaser's bank loan application was refused due to the 1943 covenant. Plaintiffs then instituted this proceeding seeking a declaration that the covenant that the state will not at some future time be required to pay for the removal or destruction of the house does not run with the land.
Before a covenant may be said to run with the land and be binding upon a promisor's successors in interest, four requirements must be met: (1) there must be privity of the estate between the promisor and his successors; (2) the promisor and promisee must intend that the covenant run; (3) the covenant must touch and concern the land of the promisor; and (4) the promisee must benefit in the use of some land possessed by him as a result of the performance of the promise. Huff v. Duncan, 263 Or. 408, 411-12 and n. 2, 502 P.2d 584 (1972); see Updegrave v. Agee, 258 Or. 599, 484 P.2d 821 (1971); Hudspeth v. Eastern Oregon Land Co., 247 Or. 372, 430 P.2d 353 (1967). See generally 5 Restatement, Property (Servitudes) § 537 (1944). The rationale for the fourth requirement is stated in the comment to the Restatement of Property concerning the running of covenants:
"* * * There is a social interest in the utilization of land. That social interest is adversely affected by burdens placed on the ownership of land. * * * Unless a burden has some compensating advantage which prevents it from being on the whole a deterrent to land use and development, the running of the promise by which it was created is not permitted. * * *" 5 Restatement, Property (Servitudes) § 537 at 3219 (1944). See also Huff v. Duncan, 263 Or. 408, 502 P.2d 584 (1972).
Here the fourth requirement is not met. While the state as a whole is benefited by the operation of the covenant in that if the state should later need to expand and utilize its right-of-way along Highway 58 it would not be required to move plaintiffs' house or to compensate them for the destruction of their house, that benefit is in no way tied either to the land which the state purchased in 1943 from plaintiffs' predecessor or to any other parcel of land now possessed by the state. It is tied rather to the parcel of land now owned by plaintiffs which the state may need to condemn at a future date. As this land is not possessed by the state, the covenant cannot run with the land.[1]
Reversed.
THORNTON, Judge (dissenting).
The majority opinion concludes that the covenant in issue does not run with land and that therefore the plaintiffs must prevail. The basis for this conclusion is that the defendant State Highway Division (State) did not, as a result of the covenant, benefit in the use of the land (right-of-way) acquired by it. I cannot agree.
*726 It is undisputed that the State in 1943 paid plaintiffs' predecessors in interest $2,940 which included payment for
"* * * the cost of moving and reestablishing the residence located on the above described larger tract * * *."
From the above language it would appear that the State paid plaintiffs' predecessors in title not only for the right-of-way but for the expense of moving their house. Further, the deed provided that the house should be moved at least 35 feet from the right-of-way being acquired so that it would not have to be moved again in the event the highway had to be widened in the future. It appears from the record that the house was never moved from its original location.
The applicable rules for determining when a covenant of this type runs with the land are set forth in the majority opinion and include the following: The covenant runs with the land if the promisee would benefit in the use of the land possessed by it as a result of the performance of the promised act by the promisor (requirement (4)). Applying this rule to the facts at bar here, the promisee (State) would benefit in the use of land possessed by it (the existing highway) when it becomes necessary to widen the existing highway, if the promisors (here Robert and Lula May Brown and their successors in title) performed the promised act.
While my research has not revealed a case on all fours with the case at bar, L. & N.R. Co. v. Durbin, 178 Ky. 363, 198 S.W. 908 (1917), involved a similar issue. There the railroad acquired a right-of-way through land for its rail line. The conditions of the deed required the property owner-grantor to maintain all necessary fencing and the railroad to maintain all proper crossings and cattle guards. The court held that the above covenants ran with the land and were binding both on a remote grantee and the railroad. Accord: New York Central & Hudson River R.R. v. Clarke, 228 Mass. 274, 117 N.E. 322 (1917); Midland Railway Company v. Fisher, 125 Ind. 19, 24 N.E. 756, 8 L.R.A. 604 (1890). As the Illinois court observed in Gibson v. Holden, 115 Ill. 199, 3 N.E. 282, 56 Am.Rep. 146 (1885), whether a covenant runs with the land does not so much depend on whether it is to be performed on the land itself as on whether it tends directly or necessarily to enhance its value, or render it more beneficial and convenient to those by whom it is owned or occupied. In the case at bar the challenged covenant certainly enhanced the value of the existing right-of-way and rendered its use more beneficial to the State.
As I view it, the case at bar meets all of the tests set out both in the authorities cited above and in the majority opinion, including requirement (4).
I would affirm.
NOTES
[1] As plaintiffs' complaint requested a declaratory judgment only as to whether the 1943 covenant ran with the land, we need not consider now whether the 1943 deed created any other type of servitude upon plaintiffs' land.