SOUTHERN PACIFIC TRANSPORTATION COMPANY, Plaintiff-Appellee,

v.

CITY OF EUGENE, an incorporated municipality in the State of Oregon, Defendant-Appellant,

and

Lane County, a political subdivision of the State of Oregon, Defendant.

No. 78–1877.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1980.

Decided Sept. 11, 1980.

Leslie M. Swanson, Eugene, Or., argued, John B. Arnold, Johnson, Harrang & Mercer, Eugene, Or., on brief, for defendant-appellant.

James Clarke, argued, John Wiley Gould, Dezendorf, Spears, Lubersky & Campbell, Portland, Or., on brief, for plaintiff-appellee.

Before KILKENNY and PREGERSON, Circuit Judges, and TAKASUGI,* District Judge.

PREGERSON, Circuit Judge:

In this diversity action, Southern Pacific Transportation Company (Southern Pacific) seeks reimbursement of $15,875.95 from the City of Eugene and Lane County for a street assessment Southern Pacific paid to Eugene. The district court entered judgment for $15,875.95 in favor of Southern Pacific and against Eugene, and this appeal followed. We affirm.

In 1945, Southern Pacific granted Lane County an easement for a public road over some of Southern Pacific's land. In consideration for the grant of the easement, Lane County agreed to construct the road at the County's own expense and to reimburse Southern Pacific for any assessments that might be levied against it in connection with the improvement and maintenance of the road. The covenant for reimbursement contained in the agreement between Southern Pacific and Lane County reads:

> As a further consideration of this grant second party [Lane County] agrees to reimburse first party [Southern Pacific] for any and all assessments which may be levied by order of any authorized body against the property of the first party (and which may have been paid by the first party) to defray any part of the cost

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

or expense in connection with the construction, widening, rewidening and/or maintenance of said highway.

Lane County built the road. In 1963, at the request of the City of Eugene, the County surrendered the road, along with a number of other county roads, to Eugene. In 1968, Eugene improved the road and assessed and received $15,875.95 from Southern Pacific for the improvements. It is this assessment that Southern Pacific sought to recover in the district court.

■ The City of Eugene first argues that the covenant to reimburse conflicts with sections 9 and 10 of Article XI of the Oregon Constitution. The district court rejected this argument. In a diversity action, the district court's determination of state law is accorded great deference and will not be disturbed unless clearly wrong. *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). Similarly the district court's findings of fact are governed by the clearly erroneous standard. Fed.R.Civ.P. 52(a).

■ Section 9 of Article XI of the Oregon Constitution prohibits a county or city from raising money for or loaning its credit to or in aid of any company, corporation or association. The district court found that, under Oregon law, section 9 does not, however, prohibit a local government from entering into a valid arm's length transaction, even though a private company may benefit. *Carruthers v. Port of Astoria*, 249 Or. 329, 438 P.2d 725 (1968). The record reflects that the covenant to reimburse was the product of an arm's length transaction by which both parties benefited—the County got an easement over Southern Pacific land without paying for it, and Southern Pacific got the benefit, along with the general public, of an improved road adjacent to Southern Pacific's property.

■ Section 10 of Article XI of the Oregon Constitution prohibits a county from creating any debts or liabilities which shall singly or in the aggregate, with previous debts or liabilities, exceed $5,000. The district court found that section 10 does not apply to contingent future obligations and that the liability for reimbursement created by the covenant was a contingent future obligation. The City of Eugene cites no Oregon authority to the contrary.

■ We are unable to say that the district court's rulings, based on Oregon law, concerning sections 9 and 10, are clearly wrong. Those rulings, therefore, will not be disturbed.

In addition, the City of Eugene argues that even though Eugene is Lane County's successor in interest, the covenant for reimbursement does not bind Eugene.

■ Under Oregon law a covenant runs with the land only if:

(1) the grantor and grantee intend it to run;

(2) the covenant touches and concerns the land;

(3) the grantor would benefit in the use of some land possessed by the grantor as a result of the performance of the promise; and

(4) there is privity of estate between the grantee and its successors.

*Johnson v. State*, 27 Or.App. 581, 556 P.2d 724 (1976). The City of Eugene contends that the first and fourth criteria are not satisfied.

We disagree. The circumstances under which Southern Pacific granted the easement to Lane County indicate that the parties intended to bind the County's successors in interest. The district court found that the parties probably understood that no improvements would be made until Lane County surrendered the road to the City of Eugene. From this understanding, the district court inferred an intent on the part of Southern Pacific and Lane County to bind the entity that would improve the road. The lack of a specific reference in the easement to "successors or assigns" does not by itself disprove an intent to bind the grantee's successors. *Updegrave v. Agee*, 258 Or. 599, 484 P.2d 821 (1971). The district court's inference was sound.

■ As to privity of estate, we agree with the district court that since the City of

Eugene acted as if it were the record owner of the easement, it is estopped from asserting that there is no privity of estate just because Eugene inadvertently omitted the Southern Pacific easement from the list of roads surrendered to Eugene by Lane County. Both parties, the City of Eugene and Southern Pacific, acted as if the road had been properly surrendered to Eugene. In fact, the parties did not learn of the technical defect in the surrender papers until after this lawsuit was filed. Southern Pacific's failure to plead estoppel does not bar invocation of the doctrine. Had the City of Eugene raised the technical omission of the road from the surrender list as a defense in its pleadings or in the pre-trial order, Southern Pacific's claim of estoppel would have been an appropriate response. Furthermore, where facts justifying estoppel are admitted into the record without objection, as was the case here, the doctrine of estoppel may be applied. *Holmes v. Morgan*, 10 Or.App. 242, 498 P.2d 830 (1972); *Farley v. United Pacific Insurance Co.*, 269 Or. 549, 525 P.2d 1003 (1974). We agree with the district court that the City of Eugene committed the error that caused the defect; knew or should have known that the defect existed; and represented to Southern Pacific that it had lawfully succeeded to Lane County's interest in the easement, thereby causing Southern Pacific to pay the assessment in justifiable reliance on the succession in interest. Under these facts, estoppel against the City of Eugene is proper. *See Stinemeyer v. Wesco Farms, Inc.*, 260 Or. 109, 487 P.2d 65, 68–69 (1971). The district court's ruling that the covenant to reimburse runs with the land and is binding on the City of Eugene is not clearly wrong.

The district court's judgment and order are affirmed in all respects.