AT&T COMMUNICATIONS–EAST INC., fka AT&T Communications Inc. a Delaware corporation; AT&T Corp., fka American Telephone and Telegraph Company, a New York Corporation, Plaintiffs—Appellants,

v.

BNSF RAILWAY COMPANY, fka Burlington Northern and Santa Fe Railway Company fka Burlington Northern Railroad Company, a Delaware corporation; Portland & Western Railroad Inc., a New York corporation; Tri–County Metropolitan Transportation District of Oregon, an Oregon municipal Corporation; State Of Oregon, by and through its Department of Transportation, Defendants—Appellees.

No. 07–35324.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Jan. 22, 2009.

William A. Drew, Esquire, John D. Ostrander, Esquire, Elliott Ostrander & Preston, Portland, OR, Timothy E. Hayes, Timothy E. Hayes & Associates, St. Louis, MO, for Plaintiffs–Appellants.

Wendy M. Margolis, Cosgrave Vergeer Kester LLP, John Wesley Stephens, Esquire, Esler Stephens & Buckley, Portland, OR, Frederick A. Batson, Esquire, Dan W. Howard, Esquire, Gleaves, Swearingen, Larsen & Potter, Eugene, OR, Rolf C. Moan, Esquire, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: W. FLETCHER and FISHER, Circuit Judges, and ROLL, District Judge.*

MEMORANDUM **

Appellants AT&T Communications–East and AT&T Corporation (collectively "AT&T") appeal the district court's judgments in favor of Appellees BNSF Railway Company ("BNSF"), Portland and Western Railroad, Inc. ("P&W"), and Tri–Coun-

---

\* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ty Metropolitan Transit District ("Tri–Met"). They also appeal the district court's holding that AT&T does not qualify as a "displaced person" under the Uniform Relocation Assistance and Real Property Policies Act of 1970 ("URA"). They also appeal the district court's dismissal of AT&T's claim against the Oregon Department of Transportation ("ODOT") with prejudice. We affirm.

## I. Right–of–Way Agreement Ran with the Land

■ AT&T argues that BNSF contractually retained its rights and obligations under the Right–of–Way Agreement ("ROW") despite conveying to ODOT in fee simple title to the land governed by the ROW, and that those rights and obligations did not run with the land. We disagree.

AT&T argues that two of the requirements under Oregon property law for the easement to run with the land—privity of estate between the promisor and its successors, and intent by the promisor and promisee for the covenant to run—were not satisfied. *See Johnson v. Oregon,* 27 Or.App. 581, 556 P.2d 724, 725 (1976).

"Privity arises out of a transfer of an interest in the land benefited [sic] by the promise." *Huff v. Duncan,* 263 Or. 408, 502 P.2d 584, 586 (1972). The ROW benefited AT&T, BNSF, and ODOT, and it governed the land BNSF transferred. Privity of estate was satisfied.

■ Section 23 of the ROW states that the ROW "shall be binding upon and inure to the benefit of the parties hereto *and their respective successors or assigns.*" This language indicates that AT&T and BNSF intended the easement to run. AT&T argues that under New Jersey law, which governs interpretation of the ROW, "successors," by itself, refers only to corporations, *see Schmoele v. Atlantic City*

*Ry. Co.,* 110 N.J. Eq. 597, 160 A. 524, 526–27 (1932), and that therefore there was no intent for the easement to run to ODOT. But the ROW says "successors *and assigns,*" not just "successors." AT&T also argues that Section 13 of the ROW shows that the parties intended that AT&T's rights under the ROW but not its obligations run with the land. But by expressly protecting AT&T's rights Section 13 does not extinguish its obligations. Moreover, Section 13 expressly does not apply to conveyances covered by Section 11.

■ Because the ROW ran with the land when BNSF conveyed the Beaverton Segment to ODOT, ODOT had authority under Section 11(a) of the ROW to require AT&T to relocate its fiber optic facilities at its expense to accommodate the placement of new railroad tracks. P&W and Tri–Met's requests for AT&T to relocate its facilities were redundant and caused no harm, and consequently AT&T cannot sustain claims against them. The district court did not err in holding that AT&T was not entitled to reimbursement from any of the Appellees.

## II. URA

■ In *Norfolk Redevelopment & Housing Authority v. Chesapeake & Potomac Telephone Co. ("Norfolk"),* 464 U.S. 30, 104 S.Ct. 304, 78 L.Ed.2d 29 (1983), the Supreme Court held that the URA "did not change the long-established common law principle that a utility forced to relocate from a public right-of-way must do so at its own expense; it is not a 'displaced person' as that term is defined in the [URA]." *Id.* at 34, 104 S.Ct. 304. AT&T argues that *Norfolk* does not apply because its facilities were placed in the Beaverton Segment "not by public grant or sufferance, but by private contractual right

under the ROW." Congress, however, did not intend the URA to apply when utilities incur costs in relocating from public rights-of-way or to "alter the state rules governing utility relocation expenses," so utilities are not "displaced persons" when forced to relocate from rights-of-way. *Id.* at 38–42, 104 S.Ct. 304. Although ODOT may not have been able to force AT&T to relocate under the common law public right-of-way principle in these circumstances, *see Northwest Natural Gas Co. v. City of Portland,* 70 Or.App. 647, 690 P.2d 1099, 1103 (1984), it had that authority under state law as BNSF's successor in interest. The district court did not err in holding that AT&T does not qualify as a "displaced person" under the URA.

### III. Dismissal with Prejudice

The Eleventh Amendment bars AT&T's suit against the State of Oregon. The district court did not err in dismissing AT&T's suit against the State of Oregon with prejudice.

**AFFIRMED.**