Submitted on briefs August 29, 1956, reversed and remanded
February 6, 1957

## DANIELS *v.* PARKER ET AL

306 P. 2d 735

Harold B. Hutchinson, Cake, Jaureguy & Hardy,
of Portland, for appellants.

Maxwell Donnelly, of Portland, for respondent.

McALLISTER, J.

This is an action for money had and received by the plaintiff, Albert Daniels, against the defendants, Ralph Parker, Richard H. Parker and Phillip L. Fields, co-partners doing business under the firm name of United Finance Co. The case was tried to the court without a jury and resulted in a judgment for plaintiff for $1,150, from which defendants appeal.

The facts were stipulated by the parties and found by the court as follows: that on or about May 26, 1949, plaintiff entered into a conditional sales contract to purchase from Frazier Motor Company a 1949 Chevrolet automobile and to pay $1,925.52 due under said contract in 24 monthly installments of $80.23 each; that on or about May 27, 1949, Frazier Motor Company for a valuable consideration assigned all of its right, title and interest in said conditional sales contract and in the 1949 Chevrolet automobile securing the same to the defendants, who purchased the same in good faith, without any notice of any defect in the title to said automobile; that between May 27, 1949 and September 26, 1950, plaintiff paid to defendants the sum of $1,925.52 due under said conditional sales contract and defendants marked said contract "Paid" and surrendered it to the plaintiff together with the certificate of title to said Chevrolet automobile; that plaintiff thereafter resold said automobile to an innocent purchaser for the sum of $1,150 and warranted his title thereto; that on or about February 5, 1953, said automobile was repossessed from plaintiff's purchaser by the true owner who proved that said automobile had been stolen sometime prior to its purchase by plaintiff

and that neither Frazier Motor Company nor any successor to its interest ever held the true title thereto; that as a result of said repossession, plaintiff became liable to said purchaser for a breach of warranty and was required to and did pay to said purchaser on February 20, 1953, the sum of $1,150; that plaintiff has made demand upon the defendants for the sum of $1,150 which defendants have refused to pay; that prior to any demand by plaintiff upon these defendants, Frazier Motor Company became insolvent and was insolvent at the time of trial; and that there is no evidence of bad faith on the part of either the plaintiff or the defendants.

■ This being an action for money had and received, it is governed by equitable principles. *Smith v. Rubel,* 140 Or 422, 13 P2d 1078. Within such principles, we are required to determine which of the innocent parties must bear the loss resulting from the above facts.

■ We believe that this case falls within the rule stated in Restatement of Restitution, 55 § 14 (2) as follows:

"An assignee of a non-negotiable chose in action who, having paid value therefor, has received payment from the obligor is under no duty to make restitution although the obligor had a defense thereto, if the transferee made no misrepresentation and did not have notice of the defense."

Comment (a) on Section 14 states that the above rule "is a specific application of the underlying principle of bona fide purchase" and refers to comment (a) on Section 13 of the Restatement which reads as follows:

"The principle that a person who innocently has acquired the title to something for which he has paid value is under no duty to restore it to one who

would be entitled to reclaim it if the one receiving it had not been innocent or had not obtained the title or had not paid value therefor, is of wide application, being a limitation upon the principle that a person who has been wrongly deprived of his things is entitled to restitution. This limitation involves no moral issue, since it merely creates convenient rules for determining which of two innocent persons should bear a loss which must be borne by someone. It is most frequently applied to the situation where a person purchases land, chattels, or negotiable instruments from one who has title thereto, and who makes the transfer in violation of the rights of third persons or who had acquired the title under such conditions that the original transferor was entitled to restitution. However, it applies also where the subject matter is received directly from the transferor at the direction of the other party to the transaction. The same underlying principle also operates under the circumstances stated in § 14."

■ The plaintiff contends that having paid money to defendants on a contract, the consideration of which failed, he is entitled to a return of his money. This would be true in an action by plaintiff against Frazier Motor Company and would be equally true here if the defendants stood in the same shoes. However, an assignee is ordinarily not liable upon a contract unless he has assumed the liabilities thereof. The rule is stated thus in 4 Am Jur 310, Assignments § 102:

"It is a general principle that an assignment of a contract does not operate to cast upon the assignee liabilities imposed by the contract on the assignor, in the absence of an assumption of such liabilities. The assignor is not allowed to shift his liability. Furthermore, as the assignment does not bring together the assignee and the other party to the contract, there cannot be the meeting of minds essential to the formation of a contract. Of course,

the assignee may assume the assignor's liabilities and thus create contract relations between him and the other party. \* \* \*''

The above rule has been recognized by this court in *Coquille M. & T. Co. v. Dollar Co.,* 132 Or 453, 285 P 244.

We recognize that there is some difference of opinion with regard to the legal problem involved in this case but in the interests of stability and uniformity in the law, we are impelled to adhere to the rule of the Restatement. This policy was followed in *First National Bank v. Noble,* 179 Or 26, 168 P2d 354, and we believe should be continued.

In accordance with the practice adopted in *Boothe v. Farmers & Traders Nat. Bank,* 53 Or 576, 98 P 509, and followed in *Smith v. Rubel,* supra, the cause is remanded for the entry of a judgment for defendants.