Argued and submitted October 10, reversed and remanded for entry of judgment for appellants on appeal; affirmed on cross-appeal December 14, 1988

PACIFIC COAST LEASING, INC.,
*Plaintiff,*

*v.*

TORGRIMSON et al,
*Defendants,*

*and*

TORGRIMSON et al,
*Appellants - Cross-Respondents,*

*v.*

JITNER et al,
*Respondents - Cross-Appellants,*

*and*

MONETECH, INC., et al,
*Third-Party Defendants.*

(A8506-03926; CA A44882)

765 P2d 243

Brad Littlefield, Portland, argued the cause for appellants - cross-respondents. With him on the brief was Goldsmith, Siegel, Engel & Littlefield, Portland.

Barbee B. Lyon, Portland, argued the cause for respondents - cross-appellants. With him on the briefs was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Third-party plaintiffs Torgrimson and Woodworth (plaintiffs) filed an action against several third-party defendants for nonpayment of an equipment lease. Third-party defendants Monetech, Inc., Z D C Incorporated and Synergetics International, Inc., were dismissed from the case before trial. Plaintiffs appeal a judgment denying recovery against the remaining third-party defendants Jitner, Bently Financial and Equipment Realty (defendants). Defendants cross-appeal the trial court's denial of their request for attorney fees. Because we reverse on the appeal, we affirm on the cross-appeal.

Plaintiffs are lessees of heat metering devices known as Fair Share Metering equipment installed in an apartment building formerly owned by plaintiffs.[1] Plaintiffs sold the apartment building and assigned the Fair Share Metering lease (lease) to Equipment Realty, a California limited partnership of which Jitner and Bently Financial are general partners. The sale and assignment were executed pursuant to an All-Inclusive Contract of Sale (contract) dated December 31, 1984. Claiming that the equipment did not function properly, defendants refused to make payments on the lease. The lessor, Pacific Coast Leasing, Inc., filed suit against plaintiffs and obtained summary judgment. Plaintiffs filed their third-party complaint against defendants, claiming that defendants had assumed their obligations under the lease and were required to make the lease payments. At a trial to the court, defendants prevailed. The court made these findings of fact:

"8.    Plaintiffs and defendant [Equipment Realty] understood that defendant would pay the Fair Share Metering lease and use the equipment * * *.

"* * * * *

"14.    In the contract, the plaintiffs represented and promised that 'all heating, plumbing, and electrical systems and equipment shall be in good working order, in good repair, and will be adequate for operation of the premises' as of the closing date. * * * The warranty provision of the contract applied to property being sold to defendant, and not leased

---

[1] The function of the Fair Share Metering equipment is to determine the amount of heat used by each apartment so that the heating bill for the building may be fairly allocated among the tenants.

equipment. The contract provision pertaining to the leases has no warranty regarding equipment covered by the leases.

"15.    Paragraph 19 of the contract provides that 'purchaser agrees to accept the premises "as is." ' There are no warranties except as stated therein.

"* * * * *

"26.    The Fair Share Metering System was working as of January 4, 1985, and was usable after defendant took possession of it.

"* * * * *

"30.    Defendant never agreed to assume plaintiffs' obligations under the Fair Share Metering lease, and defendant has accepted no benefits from the lease, made no payments on the lease, or been unjustly enriched as a result of the lease."

In an action at law tried to the court without a jury, the findings of the trial court are binding on appeal unless there is no evidence to support them. *Campbell v. Karb,* 303 Or 592, 596, 740 P2d 750 (1987); *see also* ORCP 62F; Or Const, Art VII (Amend), § 3.

The trial court found that plaintiffs had assigned the lease to defendants but that defendants had not assumed plaintiff's obligations under the lease. An assignee is ordinarily not liable on a contract unless the assignee assumes the assignor's obligations. *Daniels v. Parker,* 209 Or 419, 422, 306 P2d 735 (1957). That rule does not resolve this case, however, for it establishes only that defendants are not liable to the lessor. The issue before the trial court and before us on appeal is who should pay the lease as between the assignor (plaintiffs) and the assignee (defendants).

Plaintiffs and defendants agreed that defendants would make the lease payments. Defendant Jitner testified that he would have been willing to fulfill his obligation to pay the lease if the equipment had worked properly. The trial court found that the Fair Share Metering Equipment was in working order. That finding is supported by the evidence, and we cannot disturb it on appeal. *Campbell v. Karb, supra.* Defendants are liable to plaintiffs for the lease payments.

Reversed and remanded for entry of judgment for appellants on appeal; affirmed on cross-appeal.