Aruged and submitted January 11, affirmed April 3, 1991

## CASCADE SHOPPING CENTER,
*Appellant,*

*v.*

## UNITED GROCERS, INC.,
*Respondent,*

*and*

## R.V.L.P. FOODS, INC.,
and Robert D. Petros,
*Defendants.*

(89-2695-L-3; CA A65319)

808 P2d 720

Patrick G. Huycke, Medford, argued the cause and filed the briefs for appellant.

Robert Bluth, Medford, argued the cause for respondent. On the brief were W. V. Deatherage and Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Plaintiff lessor brought this action to recover $252,243.96, plus interest, costs and attorney fees from defendant, alleging that defendant is liable for the obligations under plaintiff's lease, as modified, with R.V.L.P. Foods, Inc. (RVLP).[1] The trial court granted defendant's motion for summary judgment, and plaintiff appeals from the resulting judgment. We review the record in the light most favorable to plaintiff, *Seeborg v. General Motors,* 284 Or 695, 588 P2d 1100 (1978), and affirm.

On February 3, 1987, plaintiff, owner of Cascade Shopping Center, and Drive and Save, Inc. (Lessee) executed a lease for a portion of the shopping center. Plaintiff later consented to Lessee's assignment[2] of its interest to Fleming Foods West, Inc. (Fleming), which, in turn, assigned its interest to RVLP on January 13, 1988. In return for plaintiff's consent to the assignment to it, RVLP entered into an agreement modifying the lease by which it agreed to complete "Lessee's Work"[3] by May 15, 1988, and to make monthly payments of $1,148.97 on overdue amounts that its predecessors owed plaintiff. RVLP's failure to complete "Lessee's Work" or to pay the monthly installments constituted a default under the lease.

---

[1] RVLP and United Grocers were both named as defendants. Although an order of default was entered against RVLP, judgment was entered against United Grocers only, pursuant to ORCP 67B. We refer to United Grocers as defendant.

[2] *"Assignment and Subletting:* Lessee shall not assign this lease or any interest therein, and shall not sublet the demised premises or any part thereof, * * * without first obtaining the written consent of Lessor * * *. Consent by Lessor to one assignment, subletting, occupation or use by another person shall not be deemed to be a consent to any subsequent assignment, subletting, occupation or use by another person. Consent to an assignment shall not release the original named Lessee from liability for the continued performance of the terms and provisions on the part of Lessee to be kept and performed, unless Lessor specifically releases the original named Lessee from said liability. *Any assignment or subletting without the prior written consent of Lessor shall be void,* and shall, at the option of Lessor, terminate this lease." (Emphasis supplied.)

[3] *"Description of Lessee's Work:*

"A. Lessee shall perform all other construction as is necessary to prepare the premises for utilization as a retail store.

"B. Lessee to install fixtures and equipment necessary for the conduct of Lessee's business.

"C. Lessee to perform all additional construction called for by plans and specifications not agreed to be performed by Lessor."

Defendant held perfected security interests in RVLP's inventory, trade fixtures, equipment, all proceeds therefrom and leasehold improvements and "leasehold interests." When RVLP defaulted on the debt that it owed to defendant, those parties entered into a "Voluntary Relinquishment of Collateral Agreement," which provided, *inter alia:*

> "[RVLP] hereby assigns and transfers unto [defendant] all of its right, title and interest under said leases and [RVLP] hereby acknowledges that said assignments shall not constitute an assumption by [defendant] of any leasehold obligations thereunder nor an assumption by [defendant] of any debts, liabilities or obligations of [RVLP] to any third parties, except as expressly provided herein."

Defendant took possession on December 5, 1988, without plaintiff's consent, and plaintiff did not acknowledge defendant as assignee. Plaintiff and defendant immediately began negotiations for a lease modification that would require extensive renovation of the premises and would result in plaintiff's consent to an assignment from RVLP to defendant to be made on the same date as the modification. While negotiations were pending, defendant agreed that it would pay rental of $8,500 per month, with the understanding that plaintiff's acceptance of rent would not constitute an acceptance of the assignment or a waiver of its right to declare a default. Defendant also paid a portion of the taxes, insurance and common area charges attributable to the period of its occupancy. Defendant paid the rent as it became due.

After several months, negotiations broke down, because defendant refused to agree to the renovation work required by the proposed modification or to assume the obligations that RVLP had assumed. Plaintiff then instituted a forcible entry and detainer action, ORS 105.110, alleging, *inter alia,* that plaintiff had not consented to RLVP's assignment of the lease to defendant and that defendant had no right to possession. Defendant stipulated to a judgment for plaintiff for possession of the premises and vacated them on May 31, 1989. Plaintiff took possession on June 1, 1989, cancelled the lease on July, 1, 1989, and entered into a new lease with a third party. It then began this action.

Plaintiff argues that, as assignee, defendant assumed

RVLP's duties and obligations, including the obligations of Lessee and Fleming that RVLP had assumed when plaintiff consented to the assignment of the lease to it.[4] The lease provides that "[a]ny assignment or subletting without the prior written consent of Lessor shall be void[.]" It is undisputed that plaintiff never consented to the assignment of the lease to defendant or acknowledged defendant as an assignee. The assignment was, therefore, void, and defendant acquired no rights under the lease other than protection against any claim that might be made by RVLP. As a matter of general contract law, even if an assignment of a contract is valid, it does not impose on the assignee liabilities of the assignor without the assignee's assumption of those liabilities. By assuming the assignor's liabilities, the assignee creates privity of contract with the party to whom the assignor is liable. *Daniels v. Parker,* 209 Or 419, 422-23, 306 P2d 735 (1957). Because defendant expressly refused to assume RVLP's liabilities, it was not in privity of contract with plaintiff and is not liable for RVLP's obligations to plaintiff as a matter of contract law.

■ Plaintiff, however, contends that RVLP's obligations are covenants running with the land and that, by taking the assignment from RVLP, defendant became obligated to perform those obligations. It relies on *Abbott v. Bob's U-Drive,* 222 Or 147, 352 P2d 598 (1960), which held that a covenant to arbitrate a question with respect to rental payments ran with the land, obligating the lessee's assignee to arbitrate. Four elements are necessary for a covenant to run with the land: (1) The covenant must touch and concern the land; (2) the original parties to the covenant must intend that the promisor's successors in title be bound; (3) there must be a benefit in the use of the land resulting from performance of the promise; and (4) there must be privity of estate. *Huff v. Duncan,* 263 Or 408, 411, 502 P2d 584 (1972). *Abbott* turned on the

---

[4] Most of plaintiff's claim relates to obligations of RVLP and its predecessor that RVLP assumed, such as the installment payments to cure earlier defaults; taxes, insurance and common area maintenance for the 1988 calendar year that became due under the lease while defendant was in possession; and the cost of completing construction work on the leased premises. In its brief, plaintiff says that it is not pursuing the construction claim on appeal. Plaintiff does not otherwise argue that it is entitled only to *some* of the amounts that it claims; its position is that defendant, as RLVP's assignee, is obligated for all of them.

"touch and concern" element, and it is not helpful here, because privity of estate is missing in this case.

■■ A lessee's liabilities growing out of privity of estate under a lease will pass to the lessee's assignee, if the lessor consents to the assignment, either expressly or impliedly, in which case the assignee becomes liable for covenants running with the land that were made by his predecessor. Tiffany, *Modern Law of Real Property,* § 89 (abridged 1940). It is clear that plaintiff did not consent to RVLP's assignment to defendant and, as a result, the attempted assignment to defendant was void as to plaintiff. Defendant did not succeed to RVLP's interest under the lease and had no rights under the lease. Because there was no privity of estate between defendant and plaintiff, the covenants in the lease do not run to defendant, even if the covenants were intended to run with the land.

Given our disposition of the case, we need not address plaintiff's other contentions.

Affirmed.