NEW TECHNOLOGY ELECTRICAL CONTRACTORS, INC., and Integrated Electrical Services, Inc., Third–Party Plaintiffs/Appellees,

v.

MILESTONE INVESTMENT CO., LLC, William A. Coleman and C.D. Crouser, Third–Party Defendants/Appellants.

No. 05–35977.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed March 7, 2008.

**630**

George L. Kirklin, Esq., Kirklin Folawn LLP, Portland, OR, for Third–Party Plaintiffs/Appellees.

Arnold L. Gray, Robert B. Coleman, Esq., Stewart Sokol & Gray LLC, Portland, OR, for Third–Party Defendants/Appellants.

Before: FISHER and BERZON, Circuit Judges, and BARZILAY, Judge.*

MEMORANDUM **

Appellants Milestone Investment Co. ("Milestone"), William Coleman ("Coleman"), and C.D. Crouser ("Crouser"), challenge the district court's denial of attorney's fees for litigation expenses incurred in the case below, wherein Appellees New Technology Electrical Contractors, Inc. and its parent company Integrated Electrical Services, Inc. (collectively "New Tech"), unsuccessfully sought to invalidate a seven-year lease ("Lease") on commercial property held by its landlord Summit Properties, Inc. ("Summit"). In its attempt to invalidate the Lease, New Tech brought several third party claims against its original landlord, Milestone, and Coleman and Crouser, former officers of New Tech, for their alleged misconduct in the formation of the Lease. Appellants prevailed on all claims against them and then sought attorney's fees from New Tech. The district court denied their request for attorney's fees and all three now appeal.

**1. Scope of Review**

The district court denied Appellants' motion for attorney's fees on August

*Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

30, 2005, 2005 WL 2104960. On September 9, 2005, they filed a motion for reconsideration. While the motion was pending, Appellants filed a notice of appeal challenging the August 30, 2005 order. *See* Fed. R.App. P. 3(c). The district court denied Appellants' motion for reconsideration on October 21, 2005, which pursuant to Rule 4(a)(4)(B)(i), also marked the date on which their notice of appeal took effect. *See* Fed. R.App. P. 4(a)(4)(B)(i). Because Appellants' notice of appeal did not mention the order denying their motion for reconsideration, they were required to file an amended or separate notice of appeal to properly challenge that order. *See* Fed. R.App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti,* 486 F.3d 572, 585 (9th Cir.2007). As Appellants never completed this procedural step, the court lacks jurisdiction to review the order denying their motion for reconsideration. *See id.* Therefore, the only decision before the court is the August 30, 2005 order denying Appellants' motion for attorney's fees.

## 2. Eligibility of Coleman and Crouser for Indemnification Under Section 145(c) of the Delaware Code

Coleman and Crouser contend that, as former officers of New Tech, they are eligible for attorney's fees under Delaware's indemnification statute for having prevailed on the merits of the underlying litigation. Section 145(c) provides:

> To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding ..., or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actual-

ly and reasonably incurred [1] by such person in connection therewith.

8 Del.Code § 145(c). "Indemnification is the right to be reimbursed for all out of pocket expenses and losses caused by the underlying claim." *Majkowski v. Am. Imaging Mgmt. Serv., LLC,* 913 A.2d 572, 586 (Del.Ch.2006). New Tech does not dispute that Coleman and Crouser were officers, that their alleged misconduct occurred while they were acting in their capacity as officers of the company, or that they prevailed on the merits. The district court concluded that § 145(c) did not apply, however, because it concluded that there was no evidence that either Coleman or Crouser had "actually incurred" attorney's fees, because Milestone had *paid* Appellants' collective legal fees.

The language of § 145(c) is "best understood as a statutory embodiment of the common law of indemnification, which generally recognizes that a party who *has not and will not sustain any actual out-of-pocket loss* as a result of a claim raised against it has no indemnification claim." *Levy v. HLI Operating Co., Inc.,* 924 A.2d 210, 222–23 (Del.Ch.2007) (quotations & citation omitted) (emphasis added). Although the burden falls on the plaintiff to submit evidence of attorney's fees "actually and reasonably incurred," the court may remand a claim to further develop the evidentiary record with regard to the amount of fees incurred by a party seeking indemnification. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1263–64 (9th Cir.1987); *see also MCI Telecomm. Corp. v. Wanzer,* No. 89–C–MR216, 1990 WL 91100, at *12–13 (Del.Super. Ct. June 19, 1990) (not reported in A.2d).

---

1. The definition of "incur" is to "become liable or subject to, to bring down upon oneself, as to incur debt, danger, displeasure and pen- alty, and to become through one's own action liable or subject to." Black's Law Dictionary at 768 (6th ed. 1990).

■ As an initial matter, Appellants' claim for attorney's fees is proper under § 145(c). For their alleged misconduct while acting as officers of the company, Coleman and Crouser were charged by New Tech with breach of fiduciary duty, fraud, negligent misrepresentation, and conspiracy to defraud, which constitute the precise type of claims to which the Delaware indemnification statute applies. *See* § 145(a) & (b). Moreover, Coleman and Crouser achieved success on the merits when the district court entered summary judgment in their favor, thereby triggering the mandatory indemnification provision of § 145. *See* § 145(c). Consequently, New Tech is required to indemnify Coleman and Crouser for attorney's fees "actually and reasonably incurred." *Id.*

■ Robert B. Coleman ("Attorney Coleman") and H. Fred Cook ("Cook") represented all three Appellants at various stages in the litigation below.[2] In support of their motion for attorneys' fees, Appellants submitted time summaries of legal fees and expenses charged during the course of the litigation. Both lawyers addressed their time summaries to Milestone, though one was sent to Coleman's attention. Although there is a description of services rendered adjacent to each unit of billable time, those entries do not specify the individual Appellant for whom the services were performed. The last page of Attorney Coleman's summary includes a list of payments, which indicates that Milestone issued several checks to his law firm for legal services. There is no evidence of individual payment from either Coleman or Crouser.

Despite the absence of an itemized breakdown of fees assigned to each Appellant, there is ample evidence that the at-torneys represented Coleman and Crouser and expended resources in preparing their defense. However, to "actually" incur attorney's fees, Coleman and Crouser must have suffered out-of-pocket loss or remain liable for such a loss in the future. *See Levy,* 924 A.2d at 222–23. It appears from the evidence of record that Milestone is the only party that has already suffered an out-of-pocket loss based upon its payments to Attorney Coleman's law firm. This evidence does not resolve the issue however, because Coleman and Crouser would be entitled to indemnification if Milestone merely advanced the fees on their behalf and they then personally remained liable for these fees. *See DeLucca v. KKAT Mgmt., LLC,* No. Civ. A. 1384-N, 2006 WL 224058, at *9 (Del.Ch. Jan. 23, 2006) (not reported in A.2d); *see also Levy,* 924 A.2d at 222–23. There is no evidence that Milestone intended to pay Coleman and Crouser's litigation costs without recompense. *See DeLucca,* 2006 WL 224058, at *9.

Accordingly, the District Court applied the wrong analysis to determine whether Coleman and Crouser actually incurred legal fees for their defense as it relied only on who "paid" Appellants attorneys' fees. We therefore remand this claim to (1) further develop the evidentiary record with regard to each Appellant's individual liability for attorney's fees; and (2) determine whether Coleman and Crouser were obliged, formally or informally, to reimburse Milestone for covering their litigation costs.

**3. Eligibility of Milestone for Attorney's Fees Under the Property Lease**

Under Oregon law, "a party in whose favor final judgment is entered may recov-

---

**2.** Appellants allege that they incurred a total of $142,982.65 in fees, costs, and expenses in defending against New Tech's claims. Of this total, $39,023.75 is attributed to services rendered by Cook and $101,133.55 for services rendered by Attorney Coleman.

er attorney fees … when they are authorized by statute or a specific contractual provision." *Autolend, IAP, Inc. v. Auto Depot, Inc.,* 170 Or.App. 135, 11 P.3d 693, 695 (2000). The Lease is a contract that contains a provision for attorney's fees, which provides in relevant part as follows:

> In the event a suit, action, arbitration or other proceeding of any nature whatsoever … is instituted, the prevailing or non-defaulting party shall be entitled to recover from the losing or defaulting party its attorneys', paralegals', accountants', and other experts' fees and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith.

■ This provision is reciprocal, allowing either party to the Lease to collect attorney's fees from the other. New Tech does not dispute that Milestone was the prevailing party, but argues that Milestone was not entitled to fees under the contract because it had assigned the Lease to Summit prior to the lawsuit.

"As a matter of general contract law, even if an assignment of a contract is valid, it does not impose on the assignee liabilities of the assignor without the assignee's assumption of those liabilities." *Cascade Shopping Ctr. v. United Grocers, Inc.,* 106 Or.App. 428, 808 P.2d 720, 723 (1991). Thus, even after assigning the Lease, Milestone carried the burden of potentially having to refute claims of misconduct that occurred during its tenure as New Tech's landlord.

New Tech sought to hold Milestone liable for actions that occurred before assignment and that related to its conduct under the Lease. If Milestone can be charged and held liable for conduct that derives from the Lease, it should be indemnified for successfully defending that conduct.

In the absence of a specific rule that divests an assignor of its right to obtain attorney's fees for litigation concerning the period during which it was a party to the agreement and bound by its obligations, the contractual provision providing for fees prevails. Accordingly, we hold that Milestone is entitled to attorney's fees as a prevailing party under the Lease.

\* \* \*

With regard to Coleman and Crouser, we reverse and remand for further proceeding in accordance with this disposition. As to Milestone, we reverse the district court's decision and remand for a proper determination of attorney's fees.

**REVERSED AND REMANDED.**